DIXIE GLASS COMPANY, INCORPORATED, OF TEXAS V. HARRY H. POLLAK

No. A-8209. Decided June 21, 1961
Rehearing overruled July 19, 1961
(347 S. W. 2d Series 596)

*Dixie & Schulman* and *Smith & Lehmann,* all of Houston, for petitioner.

*Fulbright, Crooker, Freeman, Bates & Jaworski, M. W. Parse, Jr.* and *L. Keith Simmer,* all of Houston, for respondent.

PER CURIAM.

The Court of Civil Appeals has held that where an employer wrongfully breaches a contract of employment prior to the time it has been completely performed, the employee is not limited to damages accruing to the date of trial but may recover in one action his damages for the full term. 341 S.W. 2d 530. We approve this holding for the reasons stated by the Court of Civil Appeals in its opinion, although it is contrary to statements made in Lichtenstein v. Brooks, 75 Tex. 196, 12 S.W. 975; Niles v. Persons, Tex. Civ. App., 239 S.W. 2d 740 (no writ); Golden Rod Mills v. Green, Tex. Civ. App., 230 S.W. 1089 (wr. dis.); and Louisiana Rio Grande Canal Co. v. Quinn, Tex. Civ. App., 161 S.W. 375 (no writ). The points of error brought forward by the parties afford no basis for disturbing the judgment of the Court of Civil Appeals reversing and remanding the cause for a new trial, and each application for writ of error is refused, no reversible error.