SHESHUNOFF AND COMPANY,
INC., Appellant,

v.

Tom SCHOLL, Appellee.

No. 16960.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 1977.

Rehearing Denied Nov. 10, 1977.

John H. Holloway, Houston, for appellant.

Don W. Graul, Houston, for appellee.

PEDEN, Justice.

Mr. Scholl was granted a default judgment against Sheshunoff and Company, Inc., for breach of an employment contract. The trial court found that his damages in the amount of $118,000 were liquidated. Petitioner, by writ of error, complains that the evidence was not recorded, so its sufficiency cannot be reviewed; also that the petition and attached employment contract were insufficient to support a default judgment.

Scholl's petition stated:

"NOW COMES TOM SCHOLL, a resident of Houston, Harris County, Texas, hereinafter called Plaintiff, and files this, his Original Petition complaining of SHESHUNOFF AND COMPANY, INC., a Texas corporation who may be served by serving its registered agent, WILLIAM SHESHUNOFF at 1132 One Main Place, Dallas, Texas, and for cause of action, Plaintiff would show the Court as follows:

I.

That heretofore on or about the 2nd day of June, 1976, Plaintiff and Defendant, SHESHUNOFF AND COMPANY, INC. entered into a written employment agreement providing for the payment to Plaintiff of $2,000 each month and an annual payment of seven percent (7%) of before tax profits. The agreement stated that the contract would begin on June 15, 1976 and continue for a period of five (5) years. A copy of said agreement is attached for all purposes.

On or about the 9th day of August, 1976, the Plaintiff was informed that he was no longer working for the Company and that he would not be paid from that time payment ceased.

II.

Plaintiff has at all times and in all things complied with the agreement with Defendant and Defendant through their actions totally breached the contractual relationship between them all to Plaintiff's damage in an amount to be determined by an accounting of the profits of the corporation and payment for the period provided for in the contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court have the defendant cited to appear and file answer herein and in final hearing hereof, the Plaintiff have a judgment against the Defendant, SHESHUNOFF AND COMPANY, INC. in the amount to be determined by the Company's profits and all monthly payments, reasonable attorney's fees, Court's costs and for such other and further relief to which Plaintiff may be entitled to in law and equity."

The exhibit attached to the petition provided:

"June 1, 1976

Mr. Alex Sheshunoff, President
Sheshunoff and Company, Inc.
P. O. Box 13203, Capitol Station
Austin, Texas 78711
Dear Alex:

This letter is intended to outline an employment relationship between Sheshunoff and Company and Tom Scholl. Sheshunoff and Company is employing Mr. Scholl as Executive, Vice-President and General Manager. This relationship will commence on approximately June 15, 1976 (depending on Mr. Scholl working out a suitable New relationship with his Present employer). This letter of agreement will last 5 years from that date.

From June 15, 1976 until January 1, 1977, Mr. Scholl will be employed on a Part-time basis. Mr. Scholl agrees to devote one-half of his time in behalf of Sheshunoff and Company. In compensation for his efforts, Sheshunoff and Company agrees to the following compensation Package:

Base salary: $2,000 Per month.

Incentive: 7% of before tax profits, to be paid at the end of Sheshunoff's fiscal year.

Travel costs: Sheshunoff and Company agrees to pay all reasonable out-of-pocket travel expenses incurred.

During December, 1976 an evaluation will be made concerning utilizing 100% of Mr. Scholl's time. If it is determined that full-time employment is proper; this move will be implemented about January 1, unless it is agreeable to defer this decision.

If full-time employment is agreed upon, the compensation will remain the same as under part-time employment, except that the base salary will be increased to $4,000 per month.

Mr. Scholl will be in charge of Finance and Accounting, marketing, Production, New Product development, pricing and Administration.

For Sheshunoff and Company
(signed) Alex Sheshunoff
Date: June 2, 1976."

The trial judge found that although Sheshunoff and Company, Inc. was duly served, it did not answer or appear, that the cause of action was liquidated, and he granted Mr. Scholl a default judgment of $118,000. This amounts to 59 months at $2,000 per month.

■ Petitioner's first two points of error contend that the failure to have a court reporter record the testimony and file any exhibits offered requires a new trial. Sheshunoff relies on *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.1975, writ ref.), holding that in case of default in a suit on an unliquidated claim, the evidence which the trial court must hear on damages must be recorded in order to preserve the defendant's right to review.

We conclude that the trial court was correct in deciding that Scholl's claim was liquidated, so the *Morgan Express* case, supra, does not apply. Rule 241, Tex.Rules Civ. Procedure provides that where a judgment by default is rendered against a defendant and the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court or under its direction. No other evidence need be presented. Scholl's petition alleges that he worked from June 15 through August 9 and "from that time payment ceased." This indicates he was paid for only one month, leaving 59 months at $2,000 per month. The judgment provides no recovery for the claim based on an additional salary of 7% of before-tax profit, a portion of the claim that was clearly unliquidated.

■ The plaintiff's suit was for damages, not wages. The measure of damages was the present value of the contract if it had not been breached, a sum that is calculated by determining the amount that would have been earned and discounting it. Chief Justice Spurgeon Bell noted for this court in *Dixie Glass Co. v. Pollak,* 341 S.W.2d 530 (Tex.Civ.App.1960, writ ref. n. r.

e., 162 Tex. 440, 347 S.W.2d 596, 1961), 91 A.L.R.2d 662, that the discount rate in that employment contract case would be 6% (the legal rate of interest at that time), citing *Pollack v. Pollack,* 39 S.W.2d 853 (Tex. Comm.App.1931, holdings approved). The need to make an arithmetic calculation of present value of the claim would not make it an unliquidated one. Mitigation of damages by showing other employment of the plaintiff is a defensive matter which the defendant must plead and prove. *Porter v. Burkett,* 65 Tex. 383; *Grimes v. Bowman,* 122 S.W.2d 361 (Tex.Civ.App.1938, no writ).

■■■ Sheshunoff and Company's points 3 through 6 attack Scholl's petition as insufficient to state a cause of action to support a default judgment. It relies on *C & H Transportation Co. v. Wright,* 396 S.W.2d 443 (Tex.Civ.App.1965, writ ref., n. r. e.), setting forth the following rule on the sufficiency of a petition to support a default judgment:

".   .   . if the pleadings do not inform the court what judgment to render, that is, if it does not, with sufficient certainty, set forth the cause of action as to the names of the parties, dates, amounts, etc., to enable the court to render judgment without information aliunde, it is not sufficient, and the judgment cannot be sustained."

The petition in that case lacked allegations of an employment contract, beginning and expiration dates, type of work to be performed, compensation, performance and amount due, but the petition and attached contract in our case include each of the necessary elements.

"In order to support a default judgment it is not necessary that a plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action.   .   . ." *Edwards Feed Mill v. Johnson,* 311 S.W.2d 232 (Tex.1958).

"The rules expressly countenance more general allegations than formerly were permitted, and the default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions." 4 McDonald, Texas Civil Practice, 120, § 17.-23.3 (1971).

■■■ Sheshunoff and Company argues in its 7th and 8th points of error that the plaintiff's petition failed to allege the residence of the parties and that the record fails to establish that William Sheshunoff was the registered agent of the company. The petition stated that process should be, and the return shows that it was, served on William Sheshunoff as registered agent for Sheshunoff and Co., Inc., a Texas Corporation. This service complies with Article 2.11 of the Texas Business Corporation Act, and with the Texas Rules of Civil Procedure concerning service of citation, Rules 99–107. When the petition alleges and the citation states the name of the corporation and its registered agent and the return shows service on the defendant through the named individual, no extrinsic evidence of the agent's authority is required unless the fact of agency or authority be put in issue by an affidavit of the party served or a motion by the party to quash. 4 McDonald, Texas Civil Practice 117, § 17.23.2 (1971).

■■■ The cases cited by petitioner involve service of citation on foreign corporations. In those cases the plaintiff must make a showing that the facts support the validity of the service. 4 McDonald, Texas Civil Practice 112, § 17.23.2 (1971).

Writ of error is denied.