**SHESHUNOFF AND COMPANY, INC., Petitioner,**

v.

**Tom SCHOLL, Respondent.**

**No. B–7221.**

Supreme Court of Texas.

April 12, 1978.

Rehearing Denied May 17, 1978.

John H. Holloway, Houston, for petitioner.

Don W. Graul, Houston, for respondent.

PER CURIAM.

This is a suit involving the breach of an employment contract prior to the expiration of the period of employment. Sheshunoff & Co., Inc., through its president, entered into a written employment agreement with Tom Scholl. The agreement provided that Scholl was to be compensated at the rate of $2000 each month for a period of five years beginning on June 15, 1976. This compensation rate was based on part-time employment. The agreement further provided that in December, 1976, an evaluation would be made concerning the possibility of

full-time employment with a salary of $4000 per month. On August 9, 1976, Scholl's employment was terminated. He had received only one month's compensation at that time.

Scholl filed suit for breach of the employment contract. Sheshunoff, although duly served, neither answered nor appeared. The trial judge held that the cause of action was liquidated and granted Scholl a default judgment of $118,000. This amount was apparently computed by multiplying the portion of the contract unpaid, 59 months, by the monthly compensation, $2000.

Sheshunoff, by way of writ of error, sought to have the default judgment set aside. The court of civil appeals denied the writ of error. 560 S.W.2d 113. With reference to the damages involved, the court stated that "[t]he measure of damages was the present value of the contract if it had not been breached, a sum that is calculated by determining the amount that would have been earned and discounting it." 560 S.W.2d at 115, *citing Dixie Glass Co. v. Pollak*, 341 S.W.2d 530 (Tex.Civ.App.— Houston 1960), *writ ref'd n. r. e. per curiam*, 162 Tex. 440, 347 S.W.2d 596 (1961). The court of civil appeals in *Dixie Glass Co. v. Pollak* stated that any future amounts recovered as salary should be discounted to its present worth based on the unexpired term of the contract at the date of the judgment, relying on the case of *Pollack v. Pollack*, 39 S.W.2d 853 (Tex.Comm'n App. 1931, holdings approved). *See also Mr. Eddie, Inc. v. Ginsberg*, 430 S.W.2d 5 (Tex.Civ.App.— Eastland 1968, writ ref'd n. r. e.); *Mayhew v. Vanway*, 371 S.W.2d 90 (Tex.Civ.App.— Houston 1963, no writ). After noting the above rule, the court of civil appeals failed to apply it to the facts of this case.

The opinion of the court of civil appeals conflicts with *Republic Bankers Life Insurance Co. v. Jaeger*, 551 S.W.2d 30 (Tex. 1976); *Universal Life & Accident Ins. Co. v. Sanders*, 129 Tex. 344, 102 S.W.2d 405 (Tex. 1937); and *Pollack v. Pollack, supra*, with respect to the computation of damages in this case. Scholl was paid one month's salary. At the time of the judgment on Janu-

ary 14, 1977, he had accrued six months' salary. He was thus entitled to recover the full value of the salary covering that six-month period plus interest. Furthermore, the remaining unaccrued salary for 53 months should have been discounted to its present value at the legal rate of interest. Therefore, it is obvious that the trial court incorrectly computed the measure of damages in this case when it arrived at a gross amount of $118,000 by using the method previously mentioned.

Accordingly, under Rule 483 of the Texas Rules of Civil Procedure, after granting the application for writ of error and without hearing oral argument, the judgment of the court of civil appeals is reversed and the cause remanded to the district court in order that damages may be awarded in accordance with this opinion.