Paul W. **PONTON** and Robert L. Appling, Jr., Indiv. and D/B/A D & W Farm and Home Center, Appellants,

v.

William C. **WATSON**, Appellee.

No. 13–84–312–CV.

Court of Appeals of Texas, Corpus Christi.

June 13, 1985.

Robert L. Joseph, Sinton, for appellants.

James M. Whitten, Sinton, for appellee.

NYE, C.J., and BENAVIDES and SEER-DEN, JJ.

## OPINION

BENAVIDES, Justice.

This is a suit involving the breach of an employment contract prior to the expiration of the period of employment. Trial was to the court, resulting in a judgment in favor of the employee for $23,310.24 in damages and $7,700.08 in attorney's fees. No findings of fact or conclusions of law were requested or filed. We affirm.

Appellee entered into a contract of employment with appellants for a term of two years beginning October 1, 1982, for a salary of $1,500.00 per month. On January 15, 1983, appellee was discharged.

Appellee received $5,250.00 in salary from appellants for the 3½ months he was employed. Appellee filed this action against appellants for the balance due him under the contract.

At trial, there was evidence appellee earned $6,767.17 and $355.65 from other employers. These amounts and the salary from appellants were deducted from the total amount due under the terms of the contract, and the trial court entered judgment on April 12, 1984 for $23,627.18 in damages plus $7,875.73 (⅓) as reasonable attorney's fees. By amended final judgment of June 14, 1984, the trial court apparently discounted the award for money damages. The amended judgment awarded $23,310.24 in damages and the attorney's fees were reduced accordingly to $7,700.08.

In their first point of error, appellants allege the court erred in rendering judgment for damages for plaintiff because plaintiff failed to prove the *present* cash value of the contract of employment.

In *Greater Fort Worth and Tarrant County Community Action Agency v. Mims*, 627 S.W.2d 149 (Tex.1982), the court wrote:

> The general rule as to the correct measure of damages for wrongful discharge of an employee is the present cash value of the contract to the employee ". . . if it had not been breached, less any amounts that he should in the exercise of reasonable diligence be able to earn through other employment."

> It is the burden of one seeking damages to prove them.

*Id.* at 151 (quoting *Dixie Glass Co. v. Pollak*, 341 S.W.2d 530, 538 (Tex.Civ.App.—Houston [1st Dist.] 1960), *writ ref'd n.r.e. per curiam*, 162 Tex. 440, 347 S.W.2d 596 (1961)).

Though couched in terms of present value, appellants' point of error is more correctly stated to be there is no evidence in the record of the proper discount rate. In *Republic Bankers Life Insurance Co. v. Jaeger*, 551 S.W.2d 30 (Tex.1976), the Supreme Court wrote:

"The amount actually awarded will be less than the sum of all future payments because it includes a discount which approximates the earning capacity of Republic's money. The trier of fact is required to determine the reasonable rate of interest which is then applied as a discount."

*Id.* at 31; *See also Continental Casualty Co. v. Vaughn,* 407 S.W.2d 818, 824, 825–26 (Tex.Civ.App.—Houston [1st Dist.] 1966, no writ) (judgment of trial court discounting damages as matter of law modified to restore amounts and to follow general rule that extent to which jury actually discounts damages is peculiarly within province of jury). Appellants conclude that, because there is no evidence of a reasonable rate of interest, present value could not be determined and the plaintiff failed to meet his burden of proof on the damage issue.

■ In *Gulf Consolidated International, Inc. v. Murphy,* 658 S.W.2d 565 (Tex. 1983), the Supreme Court held that in a suit for breach of an employment contract, the employer has the burden of proof as to the issue of mitigation of damages. In that a reduction to present value inures to the benefit of the defendant and reduces plaintiff's recovery, *Republic Bankers* we hold that appellants have the burden of proof on the issue of discount rate, just as they do on the issue of mitigation. It is illogical to require a plaintiff to plead and prove facts which would diminish his recovery.

In the case of *Sheshunoff and Co. v. Scholl,* 564 S.W.2d 697 (Tex.1978), the Supreme Court remanded the cause to the trial court to award damages discounted to present value at the legal rate of interest. *Id.* at 698.

Even read in the narrow context of a default judgment where the defendant failed to answer or appear, we are unable to reconcile the discount at legal rate of interest rule of *Sheshunoff* with the reasonable rate of interest rule of *Republic Bankers.*

■ In that *Sheshunoff* (Tex.1978) came after *Republic Bankers* (Tex.1976), we follow *Sheshunoff* and conclude that the Supreme Court has removed discount rate as a controlling issue for the factfinder. This is because the legal rate of interest is set by statute. TEX. REV. CIV. STAT. ANN. art. 5069–1.03 (Vernon Supp.1985).

■ In the instant dispute, the only amounts subject to discount were those due between the date of judgment and the time the contract expired, a 5½ month period. In their brief, appellants state the trial court discounted the damages from trial date to the end of the contract at 6% per annum. Thus, the trial court applied the correct rate of interest, though it may have erred in favor of appellants by one month.[1]

■ We find no reversible error in the court's action, for any error benefitted appellants. Their suggestion of 10% as the appropriate discount rate is apparently an attempt to apply the judgment rate, *see* TEX. REV. CIV. STAT. ANN. art. 5069–1.-05 (Vernon Supp.1985), and is precluded by the holding in *Sheshunoff.* Appellants' first point of error is overruled.[2]

■ In their second point of error, appellants allege the court erred in computing the amount of damages because it failed to reduce plaintiff's recovery by amounts appellants allege plaintiff could have collected as unemployment compensation. Appellants also complain that plaintiff earned $1,800.00 in commission. Appellee's testimony indicates that it had cost him more than $1,800.00 to go into the venture from which he earned such commission and thus had actually lost money on the venture.

When no findings of fact or conclusions of law are filed, the trial court judgment implies all necessary fact-findings in support of its judgment. In reviewing the record to determine if there is any evi-

---

1. The correct date should have been from date of Judgment. *Sheshunoff and Co. v. Scholl,* 564 S.W.2d 697 (Tex.1978).

2. There are no findings of fact or conclusions of law so that, even if the reasonable rate were used as set out in *Republic Bankers,* no reversible error is presented.

dence supporting the judgment and its implied findings, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary.

*Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 276 (Tex.1979); *Stewart v. Clark,* 677 S.W.2d 246, 248 (Tex.App. —Corpus Christi 1984, no writ).

Because appellants have failed to have the trial court file findings of fact or conclusions of law, and because sufficient evidence exists in the record to support the judgment, we must disregard appellants' evidence that plaintiff could have further mitigated his damages. Appellants' second point of error is overruled.

The judgment of the trial court is AF-FIRMED.