Opinion issued March 25, 2004






















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00710-CV
____________
 
OMNE STAFF LEASING SERVICES, INC., Appellant
 
V.
 
TAMMA L. ELLIS-BERKOVSKY, Appellee
 

 
 
On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 776,425
 

 
 
MEMORANDUM OPINION
          Appellant, Omne Staff Leasing Services, Inc. (Omne), challenges the trial
court’s rendition of a default judgment in favor of appellee, Tamma L. Ellis-Berkovsky (Ellis-Berkovsky), in her suit for breach of contract, fraud, negligence, and
violations of the Texas Deceptive Trade Practices—Consumer Protection Act
(DTPA)


 and the Texas Insurance Code.


 In three issues,


 Omne contends that the
trial court erred in rendering the default judgment and in awarding Ellis-Berkovsky
her attorney’s fees. We affirm.
Background
          On January 8, 2001, Omne entered into a “Client Service Agreement” with Post
Time Sports Bar & Grill (Post Time), which is located in Houston. Pursuant thereto,
Omne agreed to lease employees to Post Time in exchange for a bimonthly service
fee. Omne further agreed to provide benefits for all employees leased to Post Time,
including health insurance.
          Also in January 2001, Omne hired Ellis-Berkovsky and represented that it
would provide her and her three children with health insurance that would cover,
among other things, Ellis-Berkovsky’s preexisting blood disease, hemochromatosis. 
Ellis-Berkovsky subsequently received an insurance card from USWA Local 16, an
insurance company, indicating that she and her children were covered by insurance. 
As a result, Ellis-Berkovsky dropped her previous health insurance coverage. Ellis-Berkovsky was then leased to Post Time, where she worked as a bartender and in the
kitchen. Omne withheld $172 from Ellis-Berkovsky’s pay checks every pay period
to cover the premiums on her insurance policy.
          Thereafter, Ellis-Berkovsky received a letter from USWA Local 16 stating that
it was no longer insuring her. Ellis-Berkovsky contacted Robert Solon, an Omne
employee, to inquire about this letter, but Solon assured her that it was a mistake and
that she was covered by health insurance. Ellis-Berkovsky subsequently began
receiving notices from medical providers that USWA Local 16 was refusing to pay
her and her children’s medical bills. In August 2001, Ellis-Berkovsky contacted
Solon a second time, but he again assured her that she was covered by health
insurance.
          Ellis-Berkovsky subsequently contacted Donna Thomas, Vice President of
Omne, who informed Ellis-Berkovsky that she was not covered by health insurance. 
Consequently, Ellis-Berkovsky was forced to obtain substitute health insurance, but
the premiums were substantially more expensive, and the policy did not cover Ellis-Berkovsky’s preexisting condition.
          On July 24, 2003, Ellis-Berkovsky filed this lawsuit against Omne. After
Omne failed to answer or appear and Ellis-Berkovsky introduced evidence of her
damages, the trial court rendered a default judgment in favor of Ellis-Berkovsky and
awarded her $43,680 in damages and $15,000 in attorney’s fees.
Default Judgment
          In its first and second issues, Omne argues that the trial court erred in rendering
the default judgment because Ellis-Berkovsky’s petition failed to establish that she
was a consumer as defined by the DTPA and because Ellis-Berkovsky “failed to
allege conduct to support a default judgment against [Omne].”
          In determining the sufficiency of a pleading to support a default judgment, the
averments of the pleading are to be taken as proven or confessed. First Nat’l Bank
of Irving v. Shockley, 663 S.W.2d 685, 688 (Tex. App.—Corpus Christi 1983, no
writ). A default judgment will stand if the plaintiff has alleged a claim upon which
the substantive law will give relief and has done so with sufficient particularity to
give fair notice to the defendant of the basis of the complaint, even though she has
stated some element or elements in the form of legal conclusions that will need to be
revised if attacked by special exceptions. Sheshunoff & Co., Inc. v. Scholl, 560
S.W.2d 113, 116 (Tex. Civ. App.—Houston [1st Dist.] 1977), rev’d on other grounds
564 S.W.2d 697 (Tex. 1978). The test for determining whether a pleading gives
adequate notice is whether an opposing attorney of reasonable competence, with the
pleading before him, can ascertain the nature and basic issues of controversy and
testimony that are probably relevant. Davis v. Quality Pest Control, 641 S.W.2d 324,
328 (Tex. App.—Houston [14th Dist.] 1982, writ ref’d n.r.e.).
DTPA Consumer Status
          Although Omne argues that it was not liable under the DTPA because Ellis-Berkovsky’s petition failed to establish that she was a consumer, we note that Omne,
in its brief, does not address any of the other causes of action asserted by Ellis-Berkovsky. In addition to her DTPA claims, Ellis-Berkovsky asserted claims against
Omne for breach of contract, fraud, negligence, and violations of section 21.21 of the
Texas Insurance Code. Each of these claims was admitted when Omne did not
answer or appear. See Shockley, 663 S.W.2d at 688. Omne has failed to show that
any of these other causes of action was insufficiently pleaded to support the default
judgment.
          Moreover, in her petition, Ellis-Berkovsky specifically alleged that she was a
consumer as defined by section 17.45(4) of the DTPA.


 Taking this averment as true,
Ellis-Berkovsky, in her petition, established her DTPA consumer status.Evidence in Support of Default Judgment
          In support of its second issue, Omne asserts the following:
[Ellis-Berkovsky] has wholly failed to establish that Omne was at fault
for not providing insurance. Omne did in fact comply with its contract
with [Post Time], in that Omne did procure insurance for [Ellis-Berkovsky] and [she] did receive an insurance card. [Ellis-Berkovsky]
failed to contact the insurance company once she allegedly received a
letter stating that she was not covered. Once Omne was aware of the
situation, Omne refunded to [Ellis-Berkovsky] the insurance premiums
it had deducted from her paychecks.

          However, Omne has neglected to include any citations to authority or to the
record to support its argument. Therefore, Omne has waived any error. See Tex. R.
App. P. 38.1(h); Tesoro, 106 S.W.3d at 128.
          Accordingly, we hold that the trial court did not err in rendering the default
judgment in Ellis-Berkovsky’s favor.
          We overrule Omne’s first and second issues.
Attorney’s fees
          In its third issue, Omne argues that the trial court erred in awarding Ellis-Berkovsky attorney’s fees of $15,000 because “there [was] absolutely no evidence of
the reasonableness or necessity of the attorney’s fees awarded.”
          The DTPA provides that each consumer who prevails shall be awarded
reasonable and necessary attorney’s fees. Tex. Bus. & Com. Code Ann. § 17.50(d)
(Vernon 2002).
          We construe Omne’s argument to be a legal sufficiency challenge to the trial
court’s implied finding that Ellis-Berkovsky’s reasonable and necessary attorney’s
fees were $15,000. When reviewing a legal sufficiency question, we consider only
the evidence and inferences that tend to support a finding, and disregard all evidence
and inferences to the contrary. Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80,
84 (Tex. 1992). If there is more than a scintilla of evidence to support the finding,
the no evidence challenge fails. Id. More than a scintilla of evidence exists when the
evidence supporting the finding, as a whole, “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.” Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).
          Factors that a fact finder should consider when determining the reasonableness
of attorney’s fees include: 
(1)the time and labor required, the novelty and difficulty of the
questions involved, and the skill required to perform the legal
service properly;
 
(2)the likelihood that the acceptance of the particular employment
will preclude other employment by the lawyer;
 
(3)the fee customarily charged in the locality for similar legal
services;
 
(4)the amount involved and the results obtained;
 
(5)the time limitations imposed by the client or by the
circumstances;
 
(6)the nature and length of the professional relationship with the
client;
 
(7)the experience, reputation, and the ability of the lawyer or lawyers
performing the services; and
 
(8)whether the fee is fixed or contingent on results obtained or
uncertainty of collection before the legal services have been
rendered.

Arthur Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).
          Here, the record supports an inference that Ellis-Berkovsky’s attorney’s fees
of $15,000 were reasonable and necessary. At the hearing on damages, Ellis-Berkovsky’s attorney, Ross Sears, testified that he was familiar with the fees charged
by other attorneys with his level of experience in Harris County and other counties
in Texas and that this case interfered with and interrupted his practice. Sears
described his work on the case, including drafting and filing the petition, drafting
discovery, obtaining service, and his contacts with Ellis-Berkovsky. Moreover, Sears
noted that his requested attorney’s fees of $15,000 were lower than the 40 percent
contingency fee that Ellis-Berkovsky agreed to.
          We conclude that Ellis-Berkovsky produced more than a scintilla of evidence
to establish that her reasonable and necessary attorney’s fees were $15,000. 
Accordingly, we hold that the trial court did not err in awarding Ellis-Berkovsky her
attorney’s fees of $15,000.
          We overrule Omne’s third issue.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.