IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00001-CR

 

Melvin Ray Belcher, Jr.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-754-C

 



MEMORANDUM  Opinion










 

      Belcher appeals his convictions for sexual
assault of a child and indecency with a child.  See Act of May 29, 1993,
73d Leg., R.S., ch. 900, art. 1, § 1.01, sec. 21.11(a), 1993 Tex. Gen.
Laws 3586, 3616 (amended 2001) (current version at Tex. Penal Code Ann. § 21.11(a) (Vernon 2003)); id. sec.
22.011(a)(2), 1993 Tex. Gen. Laws at 3618 (amended 1997, 2003) (current version
at Tex. Penal Code Ann.
§ 22.011(a)(2) (Vernon Supp. 2005)).  We affirm.

      In Belcher’s first issue, he contends that
the trial court erred in not instructing the jury on the difference in age
between Belcher and the victim.  In general, a “defendant is entitled to an
affirmative defensive instruction on every issue raised by the evidence
. . . .”  Young v. State, 991 S.W.2d 835, 840 (Tex. Crim.
App. 1999).  However, “no error is shown in the denial of a defensive
instruction if the evidence establishes as a matter of law that the defendant
is not entitled to rely on this defense.”  Johnson v. State, 157 S.W.3d
48, 50 (Tex. App.—Waco 2004, no pet.); see Dyson v. State, 672
S.W.2d 460, 463 (Tex. Crim. App. 1984).  It is an affirmative defense to
prosecution under the statutes under which Belcher was prosecuted that “the
actor was not more than three years older than the victim,” among other
requirements that differ between the two offenses.  Tex. Penal Code Ann. § 21.11(b)(1) (Vernon 2003),
§ 22.011(e)(1) (Vernon Supp. 2005).  Belcher was born on March 2, 1975;
the victim was born on September 3, 1978.  Belcher thus was approximately three
and one half years older than the victim.  See Brown v. State, 990
S.W.2d 759, 760 (Tex. App.—Austin 1999, no pet.).  Accordingly, Belcher was not
entitled to rely on the defense, and the trial court did not err in denying the
requested instruction.  We overrule Belcher’s first issue.

      In Belcher’s second issue, he contends
that the trial court erred in overruling Belcher’s motion for mistrial. 
Belcher complains of the following testimony on direct examination of a police
officer by the State:

      Q    . . . Why were you running
Mr. Belcher’s “local” [criminal history]?

      A    Another
criminal offense, the investigation of another criminal offense.

“A mistrial is the trial court’s remedy for
improper conduct that is ‘so prejudicial that expenditure of further time and
expense would be wasteful and futile.’”  Hawkins v. State, 135 S.W.3d
72, 77 (Tex. Crim. App. 2004) (quoting Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999)).  “The denial of a motion for mistrial is reviewed
under an abuse of discretion standard.”  Trevino v. State, 991 S.W.2d
849, 851 (Tex. Crim. App. 1999).  “[T]he general presumption is that an
instruction to disregard . . . objectionable evidence is sufficient to
cure error.”  Swallow v. State, 829 S.W.2d 223, 226 (Tex. Crim. App.
1992).  “A grant of a motion for mistrial should be reserved for those cases in
which . . . an instruction to disregard could not cure[] the
prejudice stemming from an event at trial—i.e., where an instruction would not
leave the jury in an acceptable state to continue the trial.”  Young v. State,
137 S.W.3d 65, 69 (Tex. Crim. App. 2004).  The trial court does not abuse
its discretion in overruling a motion for mistrial after giving an instruction
to disregard where “[t]he trial court could have reasonably concluded that its
instruction to disregard was sufficient to cure any harm.”  Ladd, 3
S.W.3d at 567.  Belcher argues that the prosecutor committed a flagrant
violation and was persistent in pursuing it, and that the incriminating
evidence was weak and contradicted (citing Veteto v. State, 8 S.W.3d 805
(Tex. App.—Waco 2000, pet. ref’d)).  The State disputes this; argues that the
evidence, including DNA evidence, was strong; and points to the strength of the
instruction to disregard “for any purpose” and to Belcher’s moderate sentence
(citing Waldo v. State, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988)). 
The trial court could have reasonably concluded that its instruction to
disregard was sufficient to cure any error, and accordingly did not abuse its
discretion in overruling the motion for mistrial.  We overrule Belcher’s second
issue.

      Having overruled Belcher’s
issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed February 15, 2006

Do
not publish

[CR25]






'text-align:justify;line-height:200%'>      Findings of fact and conclusions of law were
filed.

      Notice of Appeal was filed.

Trial on the Merits

      The reporter’s record on this entire trial
on the merits is as follows:

PROCEEDINGS

NOVEMBER 4, 2005

 

      THE COURT:      Okay.  This is 20050487CV1. 
Mr. Fisher?

 

      MR. FISHER:       Thank you, Your Honor. 
For the record, my name is John B. Fisher, III, and I am an attorney.  I
practice law in Waco, McLennan County, Texas.  Hull & Associates, the
attorneys for the Plaintiffs in this lawsuit, have asked me to appear today
solely for the purpose of moving for a judgment, and I have some brief evidence
I would like to present to the Court.

 

      THE COURT:      All right.

 

      MR. FISHER:       I would like to request
the Court to take judicial notice of the case file that the Court presently has
in his possession.

 

      THE COURT:      All right.

 

      MR. FISHER:       I would, second, like to
be sworn in.

 

(Witness duly sworn)

 

      THE COURT:      All right.  Proceed.

 

JOHN B. FISHER, III

having been first duly sworn, testified as
follows:

 

DIRECT EXAMINATION

 

BY MR. FISHER:

 

      I will testify as follows:  That I am John
B. Fisher, III, and that I am an attorney and I practice law in Waco, McLennan County, Texas, and the following testimony is not of personal knowledge. 
It is based strictly on information and belief.

 

      And that testimony would be that it is my
understanding that the Defendant incurred a credit card debt to a company
called Metris, and that that debt was subsequently bought by the Plaintiff
herein, Sherman Acquisition.  And it is my understanding, based on information
and belief, that that debt is a legitimate debt that is unpaid and that the
Plaintiff is entitled to recover the money that they have sued for.

 

      Also, I would like to testify, based on
information and belief, that included in the Plaintiff’s Original Petition are
Requests for Admissions that have not been responded to as of this date, in any
manner.

 

      And that’s all the testimony I have, Your
Honor.

 

      THE COURT:      Anything else, Mr. Fisher?

 

      MR. FISHER:       Did the Court want to hear
any type of argument?

 

      THE COURT:      I will hear anything you
want to present, Mr. Fisher.

 

      MR. FISHER:       Thank you, Your Honor.

 

FINAL ARGUMENT

 

      MR. FISHER:       I would like to say to the
Court that I believe that  Rule 241 of the Texas Rules of Civil Procedure is
applicable in this situation because we have a liquidated amount that is proven
by an instrument in writing, and I believe that the pleadings are sufficient to
give the Defendant notice of what they were sued for and why they were sued,
and I think the Requests for Admissions certainly bolster those other reasons,
and therefore, believe that when the Defendant hasn’t appeared and in any way
contested the charges, which constitutes a type of tacit admission, that it’s a
legitimate claim, that the Plaintiff is entitled to the judgment requested.

 

      Thank you, Your Honor.

 

      THE COURT:      Mr. Fisher, I am going to
deny the relief prayed for and order that the Plaintiff take nothing for this
suit.  Anything further?

 

      MR. FISHER:       No, Your Honor.

 

The Appeal

      Sherman brings three issues.  The issues are
as follows:

      1.  The trial court erred in ordering that
the Plaintiff take nothing by way of its suit.

      2.  The trial court erred in not granting the
Plaintiff’s Default Judgment; and

      3.   The trial [court] improperly set the
matter for trial.

All three issues are somewhat interrelated, and
will be discussed as necessary, as described above. 

Sworn Account

If Sherman properly pleaded a suit on
a sworn account, it is entitled to judgment, not so much because of the default
of Garcia, but because Garcia did not file a sworn denial of the account.  See
Tex. R. Civ. P. 185.  But as the
trial court properly noted, a suit on a sworn account must be based upon a
transaction involving “a sale on one side and a purchase on the other whereby
title to personal property passes from one to another.”  Tully v. Citibank
(S.D.), N.A., 173 S.W.3d 212, 216 (Tex. App.—Texarkana 2005, no pet.). 
This case involves the extension of credit.  Some credit extensions were to
fund the purchase of goods or services at the point of purchase; others are
alleged to have been cash advances.  Sherman has not properly pleaded a claim
upon which a suit on a sworn account for these types of transactions can be
based.

Default Judgment

Ordinarily,
the denial of a default judgment is an interlocutory order not subject to
appeal.  Aguilar v. Livingston, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  This is the natural result of the denial of a motion
that does not result in a judgment because the refusal to rule on, or the denial
of, a dispositive motion, does not normally result in a ruling or other final
judgment about which complaint can be made.  Usually, after the denial, or
refusal to rule, the proceedings progress and are ultimately resolved and the
denial or refusal to rule on the motion becomes moot because other events in
the proceeding have resulted in a judgment.

We
have previously reviewed the denial of a motion for default judgment which was
filed and ultimately denied after an answer was filed.  Aguilar v. Alvarado,
39 S.W.3d 244, 248 (Tex. App.—Waco 1999, pet. denied) (“Rather, Aguilar's first
request for a default judgment occurred in his motion, filed after Alvarado
filed his answer, in which he asked the trial court to strike Alvarado's answer
and enter a default judgment.”).  And at least one
other appellate court, citing our Aguilar case, has considered the
denial of a default judgment when, as here, the denial is challenged in an
appeal from a final judgment or order.  Aguilar v. Livingston, 154
S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Review of the
denial of a motion for default judgment is under the abuse of discretion
standard.  Id.

Initially we must determine whether
the trial court’s failure or refusal to grant a default judgment was properly
preserved.  In Aguilar v. Alvarado, the motion was made and specifically
denied after the answer had been filed.  Thus, as with any issue that needs to
be preserved, Aguilar had pursued the objection to an adverse ruling.  See
Tex. R. App. P. 33.1.  The
appellant, Aguilar, was arguing that the trial court, notwithstanding that an
answer had been filed, should have granted the motion for default judgment.  

In the present case, however, there is
some question whether proceeding to trial without an express ruling on the
motion would be a waiver of the motion by Sherman.  Alternatively, it could be
argued, that setting the case for trial rather than granting default judgment
was an implied denial of the motion by the trial court.  Tex. R. App. P. 33.1(a)(2)(A).  Or
finally, a third alternative argument is whether preservation would require that
the movant object to the trial court’s failure or refusal to rule on the motion.
 Tex. R. App. P. 33.1(a)(2)(B).  

At the trial on the merits, in Sherman’s opening statement, consisting of one paragraph, Sherman advised the court that
it was there to move for judgment.  And in its closing argument, also of only
one paragraph, Sherman specifically argued that it was entitled to judgment
under Rule 241 of the Texas Rules of Civil Procedure (default judgment on
liquidated damages).  Immediately thereafter, the trial court rendered a take
nothing judgment against Sherman.  Because it is clear that Sherman did not
waive its claimed right to a default judgment and continued to press the court
for a default judgment based upon the contents of the court’s file, and further
because it is clear that the trial court understood Sherman’s request, we conclude
that the issue of whether the trial court erred in failing to render a default
judgment was adequately preserved.  Tex.
R. App. P. 33.1.

Liability
and Damages

We now address the question of whether
the trial court erred in not rendering a default judgment in favor of Sherman on either, or both, liability and damages.  A plaintiff is generally entitled to a
default judgment against a defendant who fails to file an answer within the
time allowed and fails to appear when the trial court calls the case for
trial.  Tex. R. Civ. P. 239.  A
defendant who neither answers nor appears has "'admitted' the facts
properly pled and the justice of the opponent's claim."  Stoner v.
Thompson, 578 S.W.2d 679, 682 (Tex. 1979).

Just because we have determined that
this was not a suit on a sworn account, we cannot disregard the remaining
allegations if they support a claim for breach of contract.   A suit on a sworn
account is a special type of suit on a contract.  We hold that while Sherman did not bring itself within the rule regarding a suit on a sworn account, its
allegations are sufficient to allege a traditional suit for breach of
contract.  After reviewing the original petition, we find that it contained a
sufficient allegation of breach of contract, and the trial court should have
entered default judgment for Garcia’s liability on the claim upon that basis. 
The trial court abused its discretion in failing to enter the default
judgment.  But this is only as to liability.  A default judgment on liability
does not address the merits of the allegations regarding unliquidated damages. 
Transp. Concepts, Inc. v. Reeves, 748 S.W.2d 302, 304 (Tex. App.—Dallas
1988, no writ).

Liquidated
Damages vs. Unliquidated Damages

The general topic of default judgments
and the critical distinction between liquidated and unliquidated damages is
addressed in an excellent opinion by Justice Johnson, now on the Texas Supreme
Court, when he was a justice on the Seventh Court of Appeals in Amarillo.  Arenivar v. Providian Nat’l Bank, 23 S.W.3d 496, 497-498 (Tex. App.—Amarillo 2000, no pet.).  As Justice Johnson explained, 

Once a default judgment is taken
against a non-answering defendant on an unliquidated claim, all allegations of
fact set forth in the petition are deemed admitted, except for the amount of
damages.  Texas Commerce Bank, Nat. Ass'n v. New, 3 S.W.3d 515, 516 (Tex. 1999).  If the claim is liquidated and proved by an instrument in writing, the damages
shall be assessed by the court, or under its direction, unless the defendant
demands and is entitled to a trial by jury.  Tex.
R. Civ. P. 241.  A claim is liquidated if the amount of damages caused
by the defendant can be accurately calculated from (1) the factual, as opposed
to conclusory, allegations in the petition, and (2) an instrument in writing.  Pentes
Design, Inc. v. Perez, 840 S.W.2d 75, 79 (Tex. App.—Corpus Christi 1992,
writ denied).  Whether a claim is liquidated must be determined from the
language of the petition, as a seemingly liquidated claim may be unliquidated
because of pleading allegations which require proof for resolution.  See Irlbeck
v. John Deere Co., 714 S.W.2d 54, 57 (Tex. App.—Amarillo 1986, writ ref'd
n.r.e.).

 

If the damages being claimed are
unliquidated, the court rendering a default judgment must hear evidence as to
damages.  Rule 243; Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80,
83 (Tex. 1992).  Rule 243 does not prescribe either the manner in which the
hearing is to be conducted or the character of evidence which is required.  Rule
243; see New, 3 S.W.3d at 516-17 (affidavits are sufficient evidence to
support unliquidated damages award).  However, it is error for the trial court
to fail to conduct a hearing and to require proof of unliquidated damages
before rendering default judgment for such damages.  See Jones v. Andrews,
873 S.W.2d 102, 107 (Tex. App.—Dallas 1994, no writ).

 

Arenivar v. Providian Nat’l Bank, 23 S.W.3d 496, 497-498 (Tex. App.—Amarillo 2000,
no pet.).

Examples of unliquidated damages are
personal injury damages, claims based on repair estimates, and the
determination of property value absent written instruments verifying the
value.  See Jones v. Andrews, 873 S.W.2d 102, 107 (Tex. App.—Dallas 1994,
no writ) (damages for personal injuries are unliquidated); Alvarado v. Reif,
783 S.W.2d 303, 305 (Tex. App.—Eastland 1989, no writ) (claim for damages based
on repair estimate is not a liquidated damage);  Willacy County Appraisal
Review Bd. v. South Padre Land Co., 767 S.W.2d 201, 204 (Tex. App.—Corpus Christi
1989, no writ) (determination of property value is not liquidated demand where
only evidence of property value was the conclusory allegation of value in
plaintiff's unsworn petition).

A claim is liquidated if the amount of
damages may be accurately calculated by the trial court from the factual, as
opposed to the conclusory, allegations in plaintiff's petition and the
instrument in writing.  Novosad v. Cunningham, 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (suit to recover amount due for professional
services was a liquidated claim proven by written instruments); Mantis v.
Resz, 5 S.W.3d 388, 392 (Tex. App.—Fort Worth 1999, pet. denied), overruled
on other grounds, Sheldon v. Emergency Medicine Consultants, 43 S.W.3d 701,
702-03 (Tex. App.—Fort Worth 2001, no pet.) (in a suit on a sworn account, the
petition with an attached sworn account and verified affidavit of the sworn
account was a liquidated claim proved by written instruments); Sheshunoff
& Co. v. Scholl, 560 S.W.2d 113, 115 (Tex. Civ. App.—Houston [1st
Dist.] 1977), rev'd on other grounds, 564 S.W.2d 697 (Tex. 1978) (no
further proof was required in suit to recover damages for breach of employment
contract because the claim for damages was liquidated and proved by the employment
contract attached to the petition).  We disagree with Sherman’s conclusion that
the damages here are liquidated.  As explained below, we agree, however, that
sufficient evidence of damages was presented to prove Sherman’s damages.

Unliquidated Damages

Having found that Sherman was entitled
to a default judgment based on the petition’s allegations regarding liability
and the defendant’s failure to answer, our decision leaves Sherman with the
need to prove its unliquidated damages.  Sherman alleges it proved damages via
an affidavit or, alternatively, deemed admissions.

At the trial, Sherman submitted
damages evidence in the form of request for admissions that were deemed
admitted and affidavits.  We will address those in reverse order.

Affidavit

      When a claim is for unliquidated damages,
"the court shall hear evidence as to damages and shall render judgment
therefor ..."  Tex.R. Civ. P.
243; Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992).  For an unliquidated claim, testimony of the total amount due is sufficient to
support an award of damages, and the testimony may be supplied by affidavits.  Texas
Commerce Bank v. New, 3 S.W.3d 515, 517 (Tex. 1999); Barganier v.
Saddlebrook Apartments, 104 S.W.3d 171, 173 (Tex. App.—Waco 2003, no pet.);
Irlbeck v. John Deere Co., 714 S.W.2d 54, 57 (Tex. App.—Amarillo 1986,
no writ).

      In the past, the first issue has been
whether affidavits constitute evidence as required by Rule 243.  That rule
provides:

If the cause of action is unliquidated or be not
proved by an instrument in writing, the court shall hear evidence as to damages
and shall render judgment therefor, unless the defendant shall demand and be
entitled to a trial by jury in which case the judgment by default shall be
noted, a writ of inquiry awarded, and the cause entered on the jury docket.

 

Tex. R. Civ. P. 243.

      Although several courts of appeals had held
that affidavits constitute evidence of unliquidated damages, at least one court
of appeals held that they did not.  New v. Texas Commerce Bank, 971
S.W.2d 711, 714 (Tex. App.—Austin 1998), rev’d in part, 3 S.W.3d 515 (Tex. 1999).  To reject the affidavit the court of appeals had concluded that Rule 802 of
the Texas Rules of Evidence, the hearsay rule, prevents the use of affidavits
"because the application of Rule 802 anticipates opposing counsel's and/or
an opposing party's presence at the hearing to object to such inadmissible
hearsay."  Id.  The lower court in New further concluded,
therefore, that a trial court does not hold "an evidentiary hearing merely
by accepting the affidavits attached to [the] motion."  Id.

      The Texas Supreme Court held that the court
of appeals was incorrect, holding 

Rule 802 says, “Inadmissible hearsay admitted
without objection shall not be denied probative value merely because it is
hearsay.”  Nothing in Rule 802 limits its application to contested hearings. 
The rule is not ambiguous and requires no explication.  Consequently we will
give it none.  Because unobjected to hearsay constitutes probative evidence, it
satisfies the requirement of Rule 243 that there be evidence of unliquidated
damages.  The trial court did not err when it considered the affidavits in
rendering its default judgment.

 

Texas Commerce Bank v. New, 3 S.W.3d 515, 517 (Tex. 1999).

In the case now before this Court, it
appears that the trial court concluded that damages could not be properly
proven through affidavit.  To the contrary, a trial court may rely on
affidavits in proving unliquidated damages in default judgments; in fact it is error
to not consider the affidavits.  Id.  Rule 802 of the Texas Rules of
Evidence, the hearsay rule, will not prevent use of evidence in the form of
affidavits.  Id.  Affidavits are probative evidence of unliquidated
damages.  Id.  "Testimony of the total amount due under a written
instrument is legally sufficient to support an award of that amount in a
default judgment proceeding."  Id. 

      But not just any affidavit will do.  Sherman’s affidavit in support of damages is signed by an unidentified “attorney in fact,”
states the amount due on the account, and that the “amount is within the
knowledge of affiant just and true.”  An affidavit which
does not positively and unqualifiedly represent the facts as disclosed in the
affidavit to be true and within the affiant's personal knowledge is legally
insufficient.  Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994).  The trial court rejected the evidentiary value of the affidavit. 
Specifically, as to the affidavit relied upon to prove damages, the trial court
found the affiant’s source of knowledge was not stated and, as such it was not
adequate for the purposes of proving Sherman’s damages.[2] 
We agree.  Accordingly, the affidavit is not sufficient as
evidence of Sherman’s damages.

Attorney’s Fee Affidavit

      The other affidavit in the record was from
one of Sherman’s attorneys.  We believe it was legally sufficient to support an
attorney's fee award.  It stated that the affiant is a duly licensed attorney,
that he was familiar with the usual and customary attorney's fees in McLennan County, and, based on his knowledge of the services rendered to Sherman on this
matter, $2,224.03 was a reasonable and customary fee for prosecuting this claim. 
Because there was no controverting evidence, this was legally sufficient to establish
an award for and Sherman’s entitlement to attorney's fees.  Texas Commerce
Bank v. New, 3 S.W.3d 515, 516-518 (Tex. 1999).

Request for Admissions

(Damages and Attorney’s Fees[3])

 

      Sherman served a request for admissions, as
part of its petition, on Garcia.  Garcia did not file an answer or other
response.  The requests were, therefore, deemed admitted.  Tex. R. Civ. P. 198.2(c).  The deemed
admissions included the following:

3.   Defendant understood from the time the
account made a basis of Plaintiff’s Original Petition was opened that use of
the credit card results in a loan being made to Defendant for the amount
charged or cash advance requested.

 

4.   Defendant understood from the time the
account made a basis of Plaintiff’s Original Petition was opened that Defendant
is required and obligated to repay all charges or cash advances incurred on the
account.

 

6.   Defendant made the purchases and took cash
advances using the credit card made a basis of Plaintiff’s Original Petition.

 

15. Defendant did promise to pay Plaintiff for
said account.

 

17. Defendant has failed to pay Plaintiff for said
account.

 

18. Plaintiff made written demand upon Defendant
for payment of said account.

 

19. Written demand was made for payment of said
account more than 30 days prior to filing this lawsuit.

 

20. Defendant has breached the contract made a
basis of Plaintiff’s Original Petition.

 

21. Defendant presently owes Plaintiff the amount
of $6,672.08 on said account.

 

26. The terms of the credit card agreement made a
basis of Plaintiff’s Original Petition allowed Defendant to be charged late
fees if Defendant’s monthly payments were late and over credit limit fees if
Defendant exceeded the credit limit.

 

27. A reasonable attorney fee for Plaintiff’s
attorney for the prosecution of this lawsuit would be at least the amount of
$2,224.03.

 

      The request for admissions was imbedded in
the petition.  No objection is made to this procedure and by our holding we
express no opinion upon the propriety of this form of request for admissions or
its service.  See Steffan v. Steffan, 29 S.W.3d 627, 629-631 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  The trial court took judicial notice of
the contents of its file.  The file included the request for admissions and
proof of service in the form of a return of service contained in the file.

       In examining the record before us, Garcia
failed to timely answer the request for admissions, or to file written
objections, or to file a motion to file answers late.  They were, therefore,
deemed admitted.  Admissions, once deemed admitted, are judicial admissions and
Garcia may not then introduce controverting testimony in the legal proceeding
related thereto.  Shaw v. National County Mut. Fire Ins. Co., 723 S.W.2d
236, 238 (Tex. App.—Houston [1st Dist.] 1986, no writ).  Deemed admissions may
be employed as proof, Elkins v. Jones, 613 S.W.2d 533, 534 (Tex. Civ. App.—Austin
1981, no writ) (summary judgment); and once admissions are deemed admitted by
operation of law and where said admissions fully support each element of a
cause of action, including damages, they will fully support a judgment based
thereon.  This is because unanswered requests for admissions are deemed
admitted "without the necessity of a court order" and any matter thus
admitted is "conclusively established" as being true.  Tex. R. Civ. P. 198.2(c), 198.3.  Thus,
the facts admitted may not be contradicted by evidence at the trial.  Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989); Shaw v. National County Mut. Fire Ins. Co., 723 S.W.2d 236, 238 (Tex. App.—Houston [1st Dist.] 1986, no
writ).

        Because the trial court would have been
able to ascertain the amount of damages and attorney’s fees based on the request
for admissions, we conclude that the evidence conclusively established the
amount of damages to Sherman and attorney’s fees and that the trial court erred
in failing to render judgment for Sherman.

Conclusion

      The trial court erred in determining that Sherman take nothing because Sherman conclusively established the amount of Sherman’s damages.  Sherman was entitled to a default judgment on liability.  At the trial
on the merits, the file of which the trial court took judicial notice contained
the request for admissions.  This was conclusive evidence of damages and attorney’s
fees which could not be contradicted.  We reverse the judgment of the trial
court and render the judgment the trial court should have rendered, Tex. R. App. P. 43.2(c), for damages in
the amount of $6,672.08, attorney’s fees in the amount of $2,224.03, prejudgment
interest on $6,672.08 from July 13, 2004 to November 4, 2005 at the rate of 6%
per annum, and postjudgment interest at the rate of 6% per annum on the amount
of the judgment from November 5, 2005 until paid.

 

 

TOM GRAY

Chief Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Reversed
and rendered

Opinion
delivered and filed June 20, 2007

[CV06]









[1]
 The existence of a contract, as more fully
explained below, bars recovery under quantum meruit.  Murray v. Crest
Const., Inc., 900 S.W.2d 342, 345 (Tex. 1995); Pepi Corp. v. Galliford,
No. 01-05-00788-CV 2007 Tex. App. LEXIS 1018, *10 (Tex. App.—Houston [1st
Dist.] Feb. 8, 2007, no pet.).  Accordingly, quantum meruit will not be further
discussed herein.





[2] 
The findings of fact relevant to the
affidavit are as follows:

FINDING OF FACT NO. 5. Plaintiff attached to its
original petition an Affidavit of an unidentified individual.

FINDING OF FACT NO. 6. The affidavit of the
unidentified individual claimed that the unidentified individual was Attorney
in Fact for Sherman Acquisition II LP.

FINDING OF FACT NO. 7. The affidavit of the
unidentified individual did not claim that the unidentified individual was a
representative of Metris in any capacity.

FINDING OF FACT NO. 8. The affidavit of the
unidentified individual failed to state any facts supporting the statement that
the unidentified individual had personal knowledge about the subject matter of
this suit.

These findings have not been attacked on appeal.





[3]
 The holding that the deemed admissions are
sufficient to conclusively establish attorney’s fees is an alternative holding
to the sufficiency of the attorney’s fee affidavit.  We note that the deemed
admissions would also support all of the elements of a suit for breach of
contract as an alternative to Sherman’s entitlement to a default judgment on
liability.