OPINION
 

 CHARLES W. SEYMORE, Justice.
 

 Appellant, A1 Aguilar, appeals the trial court’s denial of his motion for default judgment in his suit against appellee, Forrest Livingston, and the subsequent dismissal of the suit for want of prosecution. Because we find that the trial court erred in denying appellant’s motion for default judgment, we reverse and remand.
 

 BACKGROUND
 

 Appellant filed suit against appellee to recover for property damage sustained in an automobile accident. Appellee was served on April 4, 2003; however, he did not answer the suit. Appellant filed a motion for default judgment. On October 1, 2003, the trial court denied the motion for default judgment. Although the trial court did not state the reason for its ruling, appellant asserts that the trial court determined the return of service was defective.
 
 [1]
 

 Meanwhile, the trial court issued a notice of a status conference and intent to dismiss for want of prosecution. The order stated that the case would be dismissed for want of prosecution if, among other reasons, a party failed to appear for a status conference on November 4, 2003 or failed to notify the court coordinator that a motion for default was pending at least fourteen days prior to the status conference. On November 5, 2003, the trial court entered an order dismissing the case for want of prosecution because the parties “having been notified of the Status Conference ... failed to appear.” This appeal followed.
 

 Denial of Motion FOR Default Judgment
 

 In his first issue, appellant contends that the trial court erred in denying his motion for default judgment. Ordinarily, the denial of a default judgment is an interlocutory order not subject to appeal.
 
 See
 
 Tex. Civ. PRAc.
 
 &
 
 Rem.Code Ann. 51.014 (Vernon Supp.2004-05);
 
 see also Hines v. Flores,
 
 No. 09-02-519 CV, 2003 WL 1848656, at *1 (Tex.App.-Beaumont Apr. 10, 2003, order) (not designated for publication). However, appellate courts have considered the denial of a default judgment when, as here, the denial is challenged in an appeal from a final judgment or order.
 
 See Aguilar v. Alvarado,
 
 39 S.W.3d 244, 247-48 (Tex.App.-Waco 1999, pet. denied);
 
 see also Thomas v. Univ. of Texas Med. Branch at Galveston,
 
 Nos. 01-03-00471-CV, 01-03-00472-CV, 2004 WL 1516456, at *4 (Tex.App.-Houston [14th Dist.] July 8, 2004, no pet.) (not designated for publication);
 
 Holleman v. West End Cab Co.,
 
 No. 07-99-0232-CV, 2000 WL 898003, at *2 (Tex.App.-Amarillo July 6, 2000, pet. denied) (not designated for publication). These courts have reviewed the denial of a motion for default judgment under the abuse of discretion standard.
 
 See Aguilar,
 
 39 S.W.3d at 247-48;
 
 see also Thomas,
 
 2004 WL 1516456, at *4;
 
 Holleman,
 
 2000 WL 898003, at *2.
 

 While a determination of factual matters is left to the sound discretion of the trial court, a trial courts failure to analyze or apply the law correctly is an abuse of discretion.
 
 Walker v. Packer,
 
 827 S.W.2d 833, 840 (Tex.1992). Here, the facts are undisputed because there is no appellee’s brief,
 
 see
 
 Tex.R.App. P. 38.1(f),
 
 *820
 
 and the return of service at issue is included in the record. Therefore, we will determine whether the trial court failed to correctly analyze and apply the law to the facts.
 
 See id.
 

 At any time after a defendant is required to answer, the plaintiff may take a default judgment if the defendant has not previously filed an answer, and the citation with the officer’s return has been on file with the clerk for ten days.
 
 See
 
 Tex.R. Civ. P. 239; Tex.R. Civ. P. 107. Here, appellee did not file an answer, and the citation and return of service had been on file for ten days when appellant moved for a default judgment.
 

 According to appellant, the trial court determined that the return of service is defective because it did not show the city and state of service. However, the trial courts order denying the motion for default judgment does not indicate that the trial court determined the return is defective, much less why it is defective.
 
 [2]
 
 Nonetheless, “Defective Service” is hand-written at the bottom of the citation, and “Ret Defective Dwp 11-4” is hand-written on the motion for default judgment. Therefore, presumably the trial court did determine that the return is defective.
 

 However, we conclude that the return is not defective. A return must state when the citation was served, state the manner of service, and be signed officially by the officer affecting service. Tex.R. Civ. P. 107;
 
 see Houston Pipe Coating Co. v. Houston Freightways, Inc.,
 
 679 S.W.2d 42, 44 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). This return states when the citation was served, states the manner of service, and is signed officially by the officer affecting service.
 

 Even if we assume that the trial court determined the return is defective because it does not show both the city and state of service, we note that Rule 107 does not even require that a return show the place of service.
 
 See
 
 Tex.R. Civ. P. 107;
 
 Hudler-Tye Const., Inc. v. Pettijohn & Pettijohn Plumbing, Inc.,
 
 632 S.W.2d 219, 221 (Tex.App.-Fort Worth 1982, no writ) (recognizing Rule 107 has no requirement that the return show the place of service). However, Rule 16, governing processes in general, requires that the officer state the place of service on the
 
 “process.
 
 ” Tex.R. Civ. P. 16 (emphasis added);
 
 see Hudler-Tye Const., Inc.,
 
 632 S.W.2d at 221. It is unclear whether Rule 16 requires that the place of service be included on both the citation and the return. Nevertheless, even if Rules 16 and 107 conflict, this return clearly shows the place of service. The Dallas County officer stated that service was executed in
 
 Dallas County, Texas
 
 by
 
 delivering the citation
 
 to appellee at 1334 Carson St. Moreover, the officer indicated on the citation that appel-lee was
 
 served
 
 at 1334 Carson St.,
 
 Dallas, Texas.
 
 Therefore, service is not defective.
 

 The only slight irregularity on the return is the officer’s failure to show the time that he received the citation on the blank space included for that purpose.
 
 [3]
 
 Rule 107 does not require that a return state the time that the officer received the citation.
 
 See
 
 Tex.R. Civ. P. 107. However, Rules 16 and 105 provide that the officer to whom a process is delivered shall endorse on the
 
 “process”
 
 the date and hour he received it. Tex.R. Civ. P. 16 (emphasis added); Tex.R. Civ. P. 105 (emphasis added). Again, it is unclear whether Rules 16 and 105 require that both the citation and
 
 *821
 
 return show the hour the officer received the citation. Nevertheless, to the extent Rules 16 and 105 conflict with Rule 107, the citation shows the date and time it was received by the Dallas County constable. Therefore, we cannot conclude that the officer’s failure to also note the time he received the citation on the return renders service defective.
 
 See Johnson v. Cole,
 
 138 S.W.2d 910, 912 (Tex.Civ.App.-Austin 1940, writ ref'd) (finding that mistake on return of service as to the date officer received the citation did not render service void because citation was duly issued, duly and timely served upon defendant, and complied with the law in all other respects).
 

 In sum, because appellee failed to answer the suit, and a valid return of service was on file for at least ten days when appellant moved for default judgment, appellant was entitled to a default judgment.
 
 See
 
 Tex.R. Civ. P. 239; Tex.R. Civ. P. 107. Therefore, the trial court abused its discretion in denying appellant’s motion for default judgment.
 
 See Walker,
 
 827 S.W.2d at 840. Accordingly, we sustain appellant’s first issue.
 
 [4]
 

 However, remand is necessary for the award of damages and rendition of final judgment. When a default judgment is rendered, if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered, unless the defendant demands and is entitled to a jury trial.
 
 See
 
 Tex.R. Civ. P. 241. If the claim is unliquidated or not proved by an instrument in writing, the court shall hear evidence as to damages and render judgment, unless the defendant demands and is entitled to a jury trial.
 
 See
 
 Tex.R. Crv. P. 243. Here, it is unclear whether the damages are liquidated or unliquidated.
 
 [5]
 
 Regardless, in either case, the trial court must award damages according to the prescribed procedure and render final judgment.
 
 See
 
 Tex.R. Crv. P. 241; Tex.R. Crv. P. 243.
 

 Accordingly, because the trial court erred in denying the motion for default judgment, we reverse the subsequent order dismissing the case and remand for further proceedings consistent with this opinion.
 

 [1]
 

 . On October 7, 2003, appellant filed a motion to reconsider denial of his motion for default judgment. The record does not reflect a ruling on the motion to reconsider.
 

 [2]
 

 . Appellant refers to a "standard-form order" attached to the trial courts order stating, "A DEFECT IN THE RETURN” and "no complete address including CITY/STATE.” However, this "standard-form order” is not included in the record.
 

 [3]
 

 . The return shows the date the officer received the citation, but not the hour.
 

 [4]
 

 . Based on our disposition of appellant’s first issue, we need not address his second issue complaining that the trial court improperly dismissed the suit for want of prosecution. We note that the trial court stated in the dismissal order that appellant failed to appear at the status conference. However, if the trial court had properly granted the default judgment, there would have been no need for a status conference a month later and no "want of prosecution” prompting dismissal.
 

 [5]
 

 . A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the factual, as opposed to the conclusory, allegations in the plaintiff’s petition and the instrument in writing.
 
 Abcon Paving, Inc. v. Crissup,
 
 820 S.W.2d 951, 953 (Tex.App.-Fort Worth 1991, no writ);
 
 Higgins v. Smith,
 
 722 S.W.2d 825, 827 (Tex.App.-Houston [14th Dist.] 1987, no writ). Here, the appellant’s petition and the instrument in writing conflict as to the amount of damages. In his petition, appellant alleges that the cost to repair his vehicle was $7,000. However, the affidavit of an insurance claims examiner and supporting appraisal attached to the motion for default judgment show that the cost to repair the vehicle was $6,657.31. On remand, the trial court can determine whether the damages are liquidated or unliquidated and award damages according to the appropriate procedure.