**Affirmed and Memorandum Opinion filed January 15, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00842-CV

---

**ANTHONY JOHNSON, Appellant**

**V.**

**THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AND JUDITH JOHNSON, Appellees**

---

**On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 1992-12895**

---

## MEMORANDUM OPINION

Anthony Johnson ("Johnson") appeals the trial court's order denying Johnson's "Motion to Terminate Child Support and Wage Withholding." We affirm.

# I. BACKGROUND

In 1984, Johnson and Judith Johnson ("Judith") were divorced. Johnson was ordered to pay support for the couple's two minor children. The obligation terminated in 1999 when the youngest child reached the age of majority. In 1999, The Office of the Attorney General of Texas ("the Attorney General") brought an enforcement action relative to unpaid child support. The trial court approved an "Agreed Order Enforcing Child Support Obligation" signed by Johnson, Judith, and the Attorney General, granting judgment against Johnson in favor of the Attorney General in the amount of $46,798.26, plus interest, "for collection and distribution according to law." The trial court ordered Johnson to pay the judgment via monthly installments to the Harris County District Clerk Child Support Division, until paid in full, and rendered a wage-withholding order.

Between 2003 and 2009, Johnson filed a series of three "Motion[s] to Terminate Child Support and Wage Withholding." Johnson attached to each motion an affidavit signed by Judith in 2002, in which she requested the trial court and the Attorney General to release Johnson from "all back child support owed" because the children had become adults and were no longer in school. Judith also averred, "I do not believe that I owe the Attorney General any money for any child support they have provided on my or the children's behalf."

The multiple motions over this six-year period were apparently due, in part, to the fact that hearings on the motions were reset various times and Johnson filed an interim bankruptcy proceeding. Johnson filed the operative motion, entitled "2nd Amended Motion to Terminate Child Support and Wage Withholding," on July 21, 2009. In this motion, Johnson referenced Judith's affidavit and asserted

he reasonably believes no money is owed to the Attorney General and he is unable to pay child support.

After Johnson filed the original motion, Judith filed a "Waiver of Citation." After Johnson filed the next motion, Judith was served with citation. There is no indication in the record that Judith was served with the operative motion. Although Judith asserted in her "Waiver of Citation" that she entered an appearance for all purposes, Judith did not file a separate answer to any of the motions or appear at any hearings. The Attorney General filed an answer to each motion.

In 2009, the trial court held several hearings on the operative motion. There is no record of the hearings. However, in the "Statement of Facts" section of his appellate brief, Johnson asserts, and the Attorney General does not dispute, that the following occurred at the last hearing, which was held on September 17, 2009: Johnson cited Judith's affidavit and previous waiver of citation; Johnson testified Judith informed him she did not intend to appear at the hearing; and the trial court orally denied Johnson's motion to terminate without stating a reason. *See* Tex. R. Civ. App. 38.1(g) (providing that, in civil case, court of appeals accepts as true facts asserted in the "Statement of Facts" section of an appellant's brief unless controverted by another party).[1] On August 29, 2011, the trial court signed an order denying the motion to terminate.[2]

---

[1] Judith has not filed an appellate brief, but the Attorney General has filed a brief.

[2] After the September 17, 2009 hearing, Johnson filed several "motion[s] for new trial" and a "notice of appeal," but the trial court had not yet signed a written order when he filed these instruments. The trial court signed its written order about two years after the hearing.

## II. ANALYSIS

In two interrelated issues, Johnson contends the trial court erred by refusing to render a default judgment and terminate Johnson's child-support obligation because (1) Judith failed to answer or appear at any hearings, and (2) Judith executed the affidavit purporting to release Johnson from the arrearages judgment.

We consider a trial court's denial of a motion for default judgment when the denial is challenged in an appeal from a final judgment or order. *See Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We review the denial of a motion for default judgment under the abuse-of-discretion standard. *Id.* A trial court abuses its discretion if it acts without reference to any guiding rules or principles or its decision is arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

The record does not contain a motion expressly requesting a default judgment on Johnson's motion to terminate his child-support obligation, or an express ruling on any such request, although Johnson filed a "Memorandum to Aid in the Judgment," referencing his purported right to a default judgment. However, Johnson's recitation of facts suggests that he requested a default judgment at the September 17, 2009 hearing by informing the trial court of Judith's intent not to appear. We will assume, without deciding, that Johnson sufficiently brought a request for a default judgment to the trial court's attention and the court implicitly denied the request by denying the motion to terminate. Nonetheless, we conclude the trial court did not abuse its discretion by denying any such request for default judgment and the motion to terminate.

4

On appeal, Johnson focuses solely on Judith's actions relative to Johnson's motions to terminate. Johnson cites Judith's failure to file an answer and failure to appear at any hearings. However, the arrearages judgment was actually rendered in favor of the Attorney General, who brought the enforcement action, although Judith, as obligee, was a party to the agreed order containing the judgment. Irrespective of Judith's actions, the Attorney General answered each motion to terminate. There is no record of the hearing finally held on the operative motion, but the Attorney General asserts on appeal, and Johnson does not dispute, that the Attorney General appeared at the hearing. Thus, Judith's failure to file a separate answer or appear at the hearings does not entitle Johnson to release of the judgment in favor of the Attorney General.

There is no indication in the record that the Attorney General released its judgment. On appeal, Johnson does not offer argument or authority demonstrating that Judith's request that the trial court and the Attorney General release Johnson from the arrearages judgment is binding on the Attorney General. Moreover, Judith's averment in her affidavit that "I do not believe that I owe the Attorney General any money for any child support they have provided on my or the children's behalf" does not constitute proof that *Johnson* owes no money to the Attorney General on the arrearages judgment. Further, Johnson offers no argument or authority demonstrating that his unsupported statement in the motion to terminate that he is unable to pay child support entitles him to release from the judgment. Finally, we lack a reporter's record reflecting what evidence, if any, was offered by appellant at the hearing to support a request for release from the judgment in favor of the Attorney General. Therefore, we must presume that the evidence supports the trial court's order. *See Parker v. Hunegnaw*, 364 S.W.3d 398, 409 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Wilson v. Patterson*,

No. 14–10–00943–CV, 2011 WL 4924252, at \*1–2 (Tex. App.—Houston [14th Dist.] Oct. 18, 2011, no pet.) (mem. op.).

Accordingly, we overrule both of Johnson's issues, and we affirm the trial court's order.

/s/    Margaret Garner Mirabal
            Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[3]

---

[3] Senior Justice Margaret Garner Mirabal sitting by assignment.