**Affirmed and Memorandum Opinion filed April 9, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01005-CV

---

## ALEXANDER MCNABB, Appellant

## V.

## DKM CUSTOM PROPERTIES, LLC, DES AMIS INVESTMENTS, LLC, KATIE ANDREWS, AND DENISE BONIN, Appellees

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2009-57289**

---

## MEMORANDUM OPINION

This is an appeal from a take-nothing judgment rendered in a suit by an alleged tenant of an apartment who sued various defendants asserting claims for

unlawful lockout, wrongful eviction, and conversion. The plaintiff challenges the trial court's denial of his motion for default judgment against two of the defendant property owners as well as the trial court's failure to file findings of fact and conclusions of law. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Alexander McNabb brought suit against appellees/defendants Katie Andrews, Denise Bonin, DKM Custom Properties, LLC, and Des Ami Investments, LLC, asserting claims for unlawful lockout, wrongful eviction, and conversion. According to the pleadings, McNabb had rented a garage apartment located on residential property for thirty years and was on a month-to-month lease when the property, including the garage and upstairs apartment at issue, was sold to DKM Custom Properties, LLC and then to Des Amis Investments, LLC in the fall of 2007. McNabb alleged that he never received notice to vacate the property. Although McNabb attempted to retrieve possessions located in the garage apartment, he was unsuccessful in his efforts, and he was refused access. McNabb alleged that the garage apartment ultimately was demolished along with the possessions he had inside. He brought suit against the appellees.

Bonin and Andrews answered the suit, denying all allegations; it is undisputed that the corporate defendants did not answer the suit or appear at trial.[1] After the case was called to trial, but before opening statements at the bench trial on July 19, 2011, McNabb made an oral motion for default judgment against the two corporate defendants. The trial judge indicated that he assumed the evidence

---

[1] At trial, Andrews stated that the corporate defendants ceased to exist about three years before trial. Whether this is true is not material to our disposition in this appeal.

against the two corporate defendants would be the same as the evidence against Bonin and Andrews and that he wanted to proceed with trial. The trial judge noted that the corporate defendants had not filed an answer, but he did not rule on McNabb's motion for default judgment. McNabb voiced no objection to the court proceeding in this fashion and obtained no ruling on his motion. The case was then tried to the bench. McNabb did not make any further reference to the motion for default judgment in his opening or closing statements, and failed to raise the motion again at trial. At the end of the trial, the trial court announced in open court that it was ruling in the appellees' favor and would render a take-nothing judgment.

In a post-trial motion, McNabb sought clarification from the trial court as to his oral motion for default judgment on the day of trial, noting that the trial court had not ruled on this motion. On August 29, 2011, the trial court signed a final judgment ordering that McNabb take nothing on his claims against the appellees and denying McNabb's motion for default judgment.

## ANALYSIS

In his first appellate issue, McNabb complains that the trial court failed to file findings of fact and conclusions of law. Because the trial court has filed findings and fact and conclusions of law during the pendency of this appeal, McNabb's first issue is moot. *See Adams v. H&H Meat Prods., Inc.*, 41 S.W.3d 762, 769 (Tex. App.—Corpus Christi 2001, no pet.).

In his second issue, McNabb asserts that the trial court erred by denying his motion for default judgment. McNabb asks this court to render a default judgment against the corporate defendants and remand the case for a determination of damages and attorney's fees. McNabb asserts the trial court should have granted

his motion for default judgment against the two corporate defendants, neither of whom answered suit. Although the denial of a motion for default judgment is an interlocutory order not subject to appeal, we may consider the denial of a motion for default judgment when, as in this case, the denial is challenged in an appeal from a final judgment. *See Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Though McNabb would have been entitled to seek a default judgment before trial, McNabb did not do so until after the case was called to trial. Even at this point, McNabb did not obtain a ruling on his motion for default judgment. Instead, McNabb proceeded to a trial, at which he had the burden of proving liability and damages as to all defendants, including the corporate defendants that had not answered. The trial court denied McNabb's motion for default judgment after McNabb had proceeded to trial against all four defendants and after the trial court had rendered judgment that McNabb take nothing on his claims against all four defendants. The trial court reasonably could have concluded that, by proceeding to trial, McNabb waived any right that he had to a default judgment. *See Estate of Grimes v. Dorchester Gas Producing Co.*, 707 S.W.2d 196, 204 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.) (holding that plaintiffs waived their right to a default judgment against non-answering defendants by proceeding to trial); *see also Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) (stating that though there is a difference between a default judgment and a judgment nihil dicit, the same rules generally apply to both); *Shows v. Mann Engines & Components, Inc.*, 364 S.W.3d 348, 358–59 (Tex. App.—Houston [14th Dist.] 2012, pet. granted Mar. 29, 2013) (holding that party who failed to seek nihil dicit judgment before trial and proceeded to trial waived any right to such a judgment). The trial court did not err in denying a default judgment at this juncture.

In any event, McNabb's damages were unliquidated, and the trial court found that McNabb failed to prove that he sustained any damages.  In this circumstance, a take-nothing judgment is correct even when a defendant defaults. Accordingly, we overrule the second issue.

The trial court's judgment is affirmed.


/s/     Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison.