

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00759-CV

Gregory **JACKSON**,
Appellant

v.

Kevin **CARLTON**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-19961
Honorable Martha B. Tanner, Judge Presiding

Opinion by:   Jason Pulliam, Justice

Sitting:        Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice
                Jason Pulliam, Justice

Delivered and Filed: July 29, 2015

AFFIRMED

## Background

Beginning in 2005, Gregory Jackson hired certified public accountant Kevin Carlton to prepare Jackson's federal income taxes. In 2011, Jackson received notice from the Internal Revenue Service that his tax returns for 2008 and 2009 were never filed. When Jackson brought this notice to Carlton's attention, Carlton assured Jackson he had filed the subject tax returns and reasoned the IRS had made a mistake. Jackson contacted the IRS and confirmed the subject tax returns had not been filed.

Jackson filed suit against Carlton alleging causes of action of violation of the Deceptive Trade Practices Act, fraud, negligence, negligent misrepresentation, and negligent hiring. Carlton moved for no-evidence summary judgment challenging each of Jackson's causes of action. The trial court granted Carlton's motion as to the DTPA, negligent misrepresentation, and negligent hiring causes. Jackson proceeded to trial on the remaining causes of action of fraud and negligence. Carlton did not appear at trial, and the trial court granted default judgment on the fraud and negligence causes. Jackson now appeals the trial court's summary judgment as to the DTPA cause, only. Carlton did not file an appellee's brief.[1]

## Analysis

Jackson's sole argument on appeal is that Carlton's assurance the tax returns had been filed is an express warranty, and Carlton breached this warranty when he failed to file Jackson's 2008 and 2009 tax returns. Jackson contends the affidavits attached to his response to the no-evidence motion for summary judgment is evidence of this breach. Based upon evidence presented of this breach of warranty, as well as the other essential elements, Jackson contends the trial court erred by granting the no-evidence motion for summary judgment on the DTPA cause of action.

Violation of the DTPA occurs when a person, among other things, commits one or more of several wrongful acts listed in the statute to substantiate the cause. TEX. BUS. & COM. CODE ANN. § 17.50(a) (West 2011). In his petition, Jackson alleges Carlton's actions constituted two of the statutory wrongful acts supporting a DTPA violation: an unconscionable action and a false,

---

[1] Because Carlton failed to file an appellee's brief, the facts as presented will be construed as undisputed. *See* TEX. R. APP. P. 38.1(g); *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.). While we believe the better course is for appellees to file response briefs, we will undertake to conduct an independent analysis of the merits of any argument Jackson raises on appeal. *See, e.g.*, *Straus v. Auto Mgmt., Inc.*, No. 01-07-00158-CV, 2010 WL 336995, at *1 (Tex. App.—Houston [1st Dist.] Jan. 28, 2010) (mem. op.); *Peachtree Construction, Ltd. v. Head*, No. 07-08-0020-CV, 2009 WL 606720, at *1 (Tex. App.—Amarillo Mar.10, 2009, no pet.) (mem. op.); *see also In re Bowman*, No. 03-07-0418-CR, 2007 WL 4269842, at *2 (Tex. App.—Austin Dec.5, 2007, no pet.) (mem. op.).

misleading, or deceptive act or practice. While breach of an express or implied warranty is one of the wrongful actions listed in the statute that substantiate a DTPA action, Jackson failed to assert or plead Carlton violated the DTPA on this basis. Jackson's argument on appeal with regard to breach of warranty is essentially argument in defense of the no-evidence motion for summary judgment. However, this argument was not presented in Jackson's response to the no-evidence motion for summary judgment in the trial court.

An appellate court may not address issues not properly presented to the trial court. *Diez v. Alaska Structures, Inc.*, 455 S.W.3d 737, 740 (Tex. App.—El Paso 2015, no pet.). In the summary judgment context, the non-movant must expressly present to the trial court, by written answer or response, any issues it contends should defeat the movant's motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). On appeal, the non-movant "may not raise any other issues as grounds for reversal … [t]he non-movant may not urge on appeal as reason for reversal of the summary judgment any and every new ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing." *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

Because Jackson failed to raise any allegation of violation of the DTPA based upon breach of warranty in his petition and failed to present the issue in his response to the motion for summary judgment, he has waived this argument on appeal. *See* TEX. R. APP. P. 33.1(a); *McConnell*, 858 S.W.2d at 343; *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *ACCI Forwarding, Inc. v. Gonzalez Warehouse P'ship*, 341 S.W.3d 58, 62 (Tex. App.—San Antonio 2011, no pet.).

Further, Jackson presents no argument specific to any challenge to the trial court's granting of Carlton's no-evidence motion for summary judgment with regard to the DTPA cause of action. Jackson's appellate brief is simply a recitation of the underlying procedural facts and evidence presented to oppose Carlton's no-evidence motion for summary judgment. Jackson presents no

appellate argument specific to any error committed by the trial court, except to state, "[o]n this basis, the trial judge erred in granting the motion as to the DTPA claim, [sic] because appellant's affidavit established that appellee made a false and misleading statement to him when he told appellant that he had filed the returns, when in fact, he had not. This was breach of express warranty, which appellant relied upon to his detriment."

To sufficiently develop an argument for appellate review, a party must present the grounds or basis of alleged error and must present argument and citation to authority to support the ruling the party seeks. *See* TEX. R. APP. P. 38.1. This court cannot decide an issue on appeal without proper argument and authority showing why the actions of the trial court were in error. *Foster v. State*, 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002, no pet.). To present appellate argument, an appellant must go further than just merely stating an issue, but must present argument and cite supporting authority. *Bechtel Corp. v. City of San Antonio*, No. 04-04-00910-CV, 2006 WL 228689, at *2 (Tex. App.—San Antonio 2006, no pet.) (mem. op.); *Wilson & Wilson Tax Servs., Inc. v. Mohammed*, 131 S.W.3d 231, 242 (Tex. App.—Houston [14th Dist.] 2004, no pet.). An appellate court cannot speculate as to the arguments that could have been brought or attempt to formulate arguments for a party. *See Wilson & Wilson Tax Servs., Inc.*, 131 S.W.3d at 242.

By stating the trial court erred by granting the no-evidence motion for summary judgment because evidence of a breach of warranty had been produced, Jackson presents no grounds or basis of alleged error committed by the trial court. Further, Jackson has not presented sufficient argument and authority for this court to review. Without presentation of a ground or challenge to a trial court's ruling, Jackson's argument has not sufficiently developed or presented argument for appellate review. *See Foster*, 101 S.W.3d at 499; *Wilson & Wilson Tax Servs., Inc.*, 131 S.W.3d at 242.

Because Jackson has waived the only argument asserted on appeal and has otherwise failed to develop any argument or cite authority to show the trial court erred, we affirm the judgment of the trial court.

Jason Pulliam, Justice