FILED
November 24, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00474-CV
7969463
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/24/2015 12:02:30 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00474-CV

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS, AT AUSTIN

**ERMA MATTHEWS**
Appellant

v.

**JEROME SOLOMON C/O EPOCH FILMS, MINDY GOLDBERG
& OTHERS**
Appellee

On Appeal In Case Number 423-3470
From the 423rd District Court of Bastrop County
The Hon. Christopher D. Duggan, Judge Presiding

# Brief on Appeal

Submitted by:

Erma J. Matthews
25491 Beresford Drive
South Riding, VA 20152
Tel. 571/933-8413
Fax: Same

# Table of Contents

Certificate of Parties.............................................................................................. ii

Index of Authorities ............................................................................................. iii

Preliminary Statement........................................................................................ iv

Point of Error ....................................................................................................... vii

> **THE TRIAL COURT ERRED IN FAILING TO MAKE ENTRY OF DEFAULT and in NOT GRANTING APPELLANT'S MOTION FOR DEFAULT JUDGMENT pursuant to Federal Rules of Civil Procedure, Rule 55 Default; Default Judgment (Texas Rules of Civil Procedure ("Tex. R. Civ. P."), Tex. R. Civ. P. 55(a) Judgment, and Bastrop General District Court Local Rule Request for Settings-Non-Jury 6.12).** ................................ vii
>
> **THE TRIAL COURT ERRED IN ALLOWING APPELLEE'S UNTIMELY RESPONSE and in GRANTING APPELLEE'S SUMMARY JUDGMENT MOTION APPROXIMATELY 9-MONTHS AFTER APPELLANT'S ORIGINAL PETITION WAS FILED, pursuant to Tex. R. Civ. P. 7.** ....................................................................................... vii

Statement of Facts...................................................................................................1

Summary of the Argument......................................................................................3

> **I. Argument**...........................................................................................................3
> **II. Argument** ........................................................................................................4
> **III. Argument**.......................................................................................................6

Prayer ......................................................................................................................7

Certificate of Compliance .......................................................................................8

Certificate of Service ..............................................................................................8

Appendix ..................................................................................................................9

> **1. Final Summary Judgment dated July 23, 2015**

## Certificate of Parties

Pursuant to Rule 38.1(a), Texas Rules of Appellate Procedure ("Tex.R.App.P."), Tex.R.App.P. 38.1(a), the following is a complete list of the names and addresses, and emails (if known) of all parties to the trial court's final judgement and their counsel in the trial court, as well as appellate counsel, and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

### Appellant

Erma Matthews
25491 Beresford Drive
South Riding, VA 20152

Appellant Counsel:

Erma Matthews, Pro Se
25491 Beresford Drive
South Riding, VA 20152
Email: ermajmatthews@yahoo.com

Appellee Counsel:

Noah Galton
Jackson Walker, LLP
100 Congress Avenue,
Suite 1100
Austin, TX 78701
Email: ngalton@jw.com

# Index of Authorities

**Cases:**

*Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ...................................................................................................4

*Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 242 (Tex. 1985) ...........4

*Harris, N.A. v. Obregon*, 2013 Tex. App. LEXIS 8655, 2013 WK 3524153 (Tex. App. Dallas July 11, 2013) ..................................................................................3

*Holt Atherton Indus., Inc., v. Heine*, 835 S.W.2d 80, 83, 35 Tex. Sup. Ct. J. 881 (Tex. 1992).......................................................................................................5

*Moroch v. Collins*, 174 S.W.3d 849, 864-65 (Tex. App.—Dallas 2005, pet. denied) ...........................................................................................................4

**Rules:**

Bastrop General District Court Local Rule Request for Settings-Non-Jury 6.12 .. vii

Federal Rules of Civil Procedure, Rule 55 ........................................................... vii

Tex.R.App.P. 38.1...................................................................................................1

Tex.R.App.P. 38.1(a) ............................................................................................ ii

Tex.R.App.P. 38.1(d) ........................................................................................... iv

Tex.R.App.P. 38.1(f)........................................................................................... vii

Tex.R.App.P. 38.1(g) .............................................................................................1

Tex.R.App.P. 9.4(i)(3) ...........................................................................................8

Tex. R. Civ. P. 245................................................................................................5

Tex. R. Civ. P. 243 ........................................................................................ 4, 5, 6

Tex. R. Civ. P. 239................................................................................................4, 5

Tex. R. Civ. P. 238................................................................................................4

Tex. R. Civ. P. 55(a) .......................................................................................... vii

Tex. R. Civ. P. 7.................................................................................................. vii

## Preliminary Statement

Pursuant to Tex.R.App.P. 38.1(d), the following is a brief general statement of the nature of the cause or offense.

This case involves a suit for damages brought by the Appellant on November 6, 2014, pursuant to a "Warrant In Debt" filed against Appellee EPOCH Films, Mindy Goldberg and doe defendants for trespass to land-trespassing on private property, implied contract, and unjust enrichment in the 423rd District Court of Bastrop County, Texas (CR 7-20).

On January 20, 2015, Appellant motioned the Trial Court for (1) a non-hearing motion, or (2) a non-jury hearing to place her case on Docket, per Texas Rules of Civil Procedure Rule 27 and Local Rule 6.12, Request for Settings-Non-Jury, to obtain a "Default Judgment" against Appellees, (CR 26-31). On February 5, 2015, the Trial Court denied Appellant's motion (CR 32-37). On March 3, 2015, the Trial Court issued a clarification order rescinding its order of February 5, 2015, and denying Appellants request for a non-hearing motion, and granting Appellant's request for a non-jury hearing. The Trial Court further set the case for a status hearing on April 9, 2015 (CR 38).

On March 18, 2015, Appellant filed a request with the Trial Court, asking that the status conference be ruled upon as unnecessary, or in the alternative that she should be allowed to appear telephonically at the status conference. On March 24, 2015, the Trial Court issued an order granting Appellant's request for telephonic

appearance (CR 43).

On April 1, 2015, Appellant motioned the Trial Court to recuse Judge Christopher D. Duggan (CR 49-53). On April 8, 2015, the Trial Court issued an order refusing to voluntarily recuse itself from the case (RT 54). Also on April 8, 2015, the Trial Court issued an order cancelling the status hearing scheduled for April 9, 2015 (CR 55). On April 13, 2015, the Second Administrative Judicial Region of Texas (Olen Underwood, Presiding Judge) issued an order denying Appellant's motion for recusal (CR 56).

Appellant filed an amendment motion and notice of hearing with the Trial Court on April 20, 2015, asking that the Appellees be charged with trespassing as of the date of discovery (correction to date on "motion" it is stated as April 20, 2014, but it should show May 20, 2014) (CR 57-58), a Motion and Notice of Hearing on May 15, 2015, requesting a jury trial (CR 59-60) and a letter directed to the Second Administrative Judicial Region of Texas regarding their decision to deny Appellant's motion for recusal (CR 51-62).

Appellees filed their original answer to Appellant's complaint on June 2, 2015 (CR 63-68) and motion for summary judgment on June 20, 2015 (CR 69-90). Appellant filed her own motion for summary judgement on July 20, 2015 (CR 122-130).

Appellees filed an objection to Appellant's motion for summary judgement on July 20, 2015 (CR 132-150) and an objection and motion to strike Appellant's

summary judgment response and summary judgment evidence on July 21, 2015 (CR 153-169). Appellant filed an objection and opposition to Appellee's motion to strike and her own motion to strike Appellee's summary judgment and summary evidence on July 22, 2015 (CR 170-174).

On July 23, 2015, the Trial Court issued an order striking Appellant's summary judgment response and evidence (CR 188-190), and an order striking Appellant's affidavit (CR 191-192). Also on July 23, 2015, the Trial Court issued an order of final summary judgment in favor of the Appellees (CR 193-194). Appellant filed an objection to summary judgment order and final judgment order (CR 195-197) and notice of appeal on July 27, 2015 (CR 198-199).

**Point of Error**

Pursuant to Tex.R.App.P. 38.1(f), the following are the points upon which this appeal is predicated:

> **THE TRIAL COURT ERRED IN FAILING TO MAKE ENTRY OF DEFAULT and in NOT GRANTING APPELLANT'S MOTION FOR DEFAULT JUDGMENT pursuant to Federal Rules of Civil Procedure, Rule 55 Default; Default Judgment (Texas Rules of Civil Procedure ("Tex. R. Civ. P."), Tex. R. Civ. P. 55(a) Judgment, and Bastrop General District Court Local Rule Request for Settings-Non-Jury 6.12).**

> **THE TRIAL COURT ERRED IN ALLOWING APPELLEE'S UNTIMELY RESPONSE and in GRANTING APPELLEE'S SUMMARY JUDGMENT MOTION APPROXIMATELY 9-MONTHS AFTER APPELLANT'S ORIGINAL PETITION WAS FILED, pursuant to Tex. R. Civ. P. 7.**

No. 03-15-00474-CV

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS, AT AUSTIN

**ERMA MATTHEWS**
Appellant

v.

**JEROME SOLOMON C/O EPOCH FILMS, INC., MINDY GOLDBERG
& OTHERS**
Appellee

On Appeal In Case Number 423-3470
From the 423rd District Court of Bastrop County
The Hon. Christopher D. Duggan, Judge Presiding

# Brief on Appeal

TO THE HONORABLE JUDGES OF THE THIRD COURT OF APPEALS:

COMES NOW, ERMA MATTHEWS Appellant in the above styled and numbered cause, by and through Erma Matthews, Pro Se, and respectfully files this "Brief on Appeal," filed pursuant to Tex.R.App.P. 38.1, and would pursuant to Tex.R.App.P. 38.1(g) show the Court as follows:

**Statement of Facts**

Appellant filed her original petition on November 6, 2014 (CR 7-20) and the Appellees were served on November 25, 2014 (CR 25.) The time for the Appellees to respond to the petition would have been no later than December 20, 2014. On January 20, 2015, Appellant motioned the Trial Court for a non-jury hearing to

1

obtain a default judgment against Appellees (CR 26-31.) The Trial Court denied Appellants motion on February 5, 2015 (CR 32-37), and then issued a clarification order on March 3, 2015, and granted Appellants request for a non-jury hearing, but scheduled a status conference for April 9, 2015 (CR 38.) Appellant filed a request with the Trial Court on March 18, 2015, asking that the status conference be ruled as unnecessary due to Appellees failure to respond, and in the alternative that she be allowed to attend that status conference telephonically due to ill health and the fact that she resided in the State of Virginia. On March 24, 2015, the Trial Court issued an order granting Appellants request for telephonic appearance (CR 43.)

Appellant filed a motion for recusal on April 1, 2015, due to the failure of the Trial Court to hear her motion for default judgment (CR 49-53.) On April 8, 2015, the Trial Court issued orders cancelling the status conference set for April 9, 2015, and denying the Appellant's motion for recusal (CR 55-56.) Appellees filed their original answer on June 2, 2015, to Appellant's original petition of November 6, 2014 (CR 63-68), and for summary judgment on June 22, 2015 (CR 69-90.) Appellant, in both her answer to Appellees summary judgment motion filed June 26, 2015 (CR 94-121), and her own motion for summary judgment filed on July 20, 2015 (CR 122-130), argued against Appellees untimely response to her original petition, the time for which to respond had since expired on December 20, 2014. The Trial Court issued orders on July 23, 2015, striking Appellant's summary judgment response and evidence (CR 188-190), as well as an affidavit filed by the Appellant

(CR 191-192), and issued a final order for summary judgment in favor of the Appellees (CR 193-194.) Appellant filed an objection to summary judgment and final judgment order (CR 195-197), and notice of appeal (CR 198-200) on July 27, 2015.

## Summary of the Argument

The Trial Court abused its discretion in failing to enter a default against the Appellees who failed to respond to Appellants original petition within the allotted time, despite Appellants repeated requests to do so.

Additionally the Trial Court abused its discretion in failing to set for hearing Appellants motion for non-jury trial to determine unliquidated damages and order of default, and alternatively setting the unanswered and uncontested matter for a status conference.

Finally, the Trial Court abused its discretion in allowing Appellees response to Appellants original petition approximately 6-months after the time to answer had expired, subsequently granting Appellees summary judgment motion, and issuing final summary judgment in favor of Appellees.

## I. Argument

Standard of Review

*Harris, N.A. v. Obregon*, 2013 Tex. App. LEXIS 8655, 2013 WK 3524153 (Tex. App. Dallas July 11, 2013). In its first issue, Harris argues the trial court erred in failing to enter a default judgment in its favor and in refusing to set its May 10,

2010 motion for default judgment for hearing to allow for prove-up of liquidated damages under rule 243 of the Texas Rules of Civil Procedure. We review the denial of a default judgment for abuse of discretion. *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "With respect to factual matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision and it failed to do so. However, because a trial court has no discretion in determining what the law is or applying the law to the facts, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Moroch v. Collins*, 174 S.W.3d 849, 864-65 (Tex. App.—Dallas 2005, pet. denied) (citations omitted). "Another way of stating the test is whether the act was arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

## II. Argument

In the instant case, Appellant filed her original petition on November 6, 2014 (CR 7-20) and the time set for Appellees to answer was no later than December 20, 2014. Appellees did not answer Appellant's petition until June 2, 2015 (CR 63-68.) Pursuant to Tex. R. Civ. P. 238, Tex. R. Civ. P. 239, the court may grant a default judgment upon request if no answer is on file and the citation has been on file with the clerk for ten days. Appellant made repeated requests to the clerk of the court for entry of default, all of which were ignored. There is no requirement to file a written motion in order to secure a default judgment.

4

Appellant motioned the trial court for a non-jury hearing for the determination of unliquidated damages prior to summary judgment on January 20, 2015 (CR 26-31.) The trial court denied Appellant's motion for hearing and later issued a clarification order setting the matter for a status conference on April 9, 2015. At the time the trial court issued its clarification order on March 3, 2015 (CR 38), the Appellees were approximately 73-days passed their allotted time to respond to Appellant's original petition, and still had not responded. The trial court abused its discretion in scheduling a status-conference for an unanswered, uncontested petition, in lieu of setting a hearing on unliquidated damages and default pursuant to Appellants motion. Tex. R. Civ. P. 245 provides that non-contested cases, i.e., cases in which no answer has been filed, may be tried or disposed of at any time whether set or not, and may be set at any time for any other time.

Standard of Review

When a default judgment is taken against a non-answering defendant on an unliquidated claim, all allegations of fact contained in the petition are deemed admitted, except for the amount of damages. *Holt Atherton Indus., Inc., v. Heine*, 835 S.W.2d 80, 83, 35 Tex. Sup. Ct. J. 881 (Tex. 1992). Accordingly, the trial court must hear evidence on any such damages. See Tex. R. Civ. P. 243.

Generally, a plaintiff may take a default judgment against a defendant who fails to file an answer. Tex. R. Civ. P. 239. After a defendant is served with the citation and petition, the plaintiff has no legal duty to notify the defendant who has

5

not answered or otherwise appeared before taking a default judgment on the causes of action asserted in the served petition.

## III. Argument

The trial court erred in failing to enter a default in Appellants favor and in refusing to set January 20, 2015 motion (CR 26-31) for default judgment hearing to allow for prove-up of liquidated damages under rule 243 of the Texas Rules of Civil Procedure, Tex. R. Civ. P. 243.

When Appellees finally responded with their initial answer to Appellant's petition, approximately 6-months after the time to respond had expired, the allegations contained within Appellant's petition should have been deemed admitted, and the only issue remaining before the Trial Court should have been that of determining un-liquidated damages. The Trail Court further erred and abused its discretion in allowing Appellee's motion for summary judgment and subsequently granting summary judgment in favor of Appellees. At the summary judgment hearing, the Appellant clearly called the Trial Courts attention to the aforementioned (RT Vol. 3 of 3 14-14 thru 18-9), as well as in her objection to summary judgment order and final judgment order (CR 195-197).

6

## Prayer

WHEREFORE, PREMISES CONSIDERED, ERMA MATTHEWS, Appellant in the above styled and numbered cause respectfully prays that this Court grant her any and all relief to which she is entitled.

Respectfully submitted,

**Erma J. Matthews**
Appellant
25491 Beresford Drive
South Riding, VA 20152
Tel. 571/933-8413
Fax: Same

by: **Erma J. Matthews**
**Erma J. Matthews**
Appellant

## Certificate of Compliance

I hereby certify pursuant to Tex.R.App.P. 9.4(i)(3), the word count for this document, as determined by the word processing program is ____2,758____.

*Erma J. Matthews*
_____
**Erma J. Matthews**


## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing "Appellant's Brief on Appeal" was electronically filed to the Third Court of Appeals and Attorney for the Defendants, on November 23, 2015.

Noah Galton
Jackson Walker, LLP
100 Congress Avenue
Suite 1100
Austin, Texas 78701

**Attorney for Appellee**
**Jerome Solomon C/O EPOCH Films,**
**Mindy Goldberg & Others**

*Erma J. Matthews*
_____
**Erma J. Matthews**

**APPENDIX**

Sarah Loucks, District Clerk
Bastrop County, Texas
By: Sharon Schimank, Deputy

# 1. Final Summary Judgment dated July 23, 2015

CAUSE NO. 423-3470

| | | |
|---|---|---|
| ERMA J. MATTHEWS C/O THE MATTHEWS FAMILY | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| vs. | § | BASTROP COUNTY, TEXAS |
| JEROME SOLOMON C/O EPOCH FILMS, INC., MINDY GOLDBERG AND OTHERS | § | 423RD JUDICIAL DISTRICT |
| Defendants. | § | |

## FINAL SUMMARY JUDGMENT

On July 23, 2015, the Court heard Defendants' Motion for Summary Judgment (the "Motion"). The Court, after examining the pleadings timely filed, the Motion, and the summary judgment evidence admitted for consideration,[1] determined that Defendants are entitled to summary judgment as follows:

IT IS ORDERED that Plaintiff Erma J. Matthews c/o the Matthews Family ("Plaintiff") take nothing against Defendants Jerome Solomon c/o Epoch Films, Inc., Mindy Goldberg, and Others, that all claims asserted by Plaintiff are denied, and that all costs of court be taxed against Plaintiff.

All relief requested in this case and not expressly granted is DENIED.

This judgment finally disposes of all parties and claims.

SIGNED this __23rd__ day of __July__, 2015.

_____
JUDGE PRESIDING

---

[1] Pursuant to this Court's Order on Defendants' Objection to and Motion to Strike Plaintiff's Summary Judgment Response and Summary Judgment Evidence, this Court has separately struck Plaintiff's Response and Defense to Defendants' Motion for Summary Judgment (the "Response"), including any and all exhibits attached thereto, as untimely. In addition to striking the Response and any and all exhibits attached thereto as untimely, this Court has also struck Exhibits A, B, C, D, E, F and G to Plaintiff's Response as inadmissible.

1

APPROVED AS TO SUBSTANCE AND FORM

**JACKSON WALKER L.L.P.**

By:  /s/ Noah M. Galton
Robert P. Latham - State Bar No. 11975500
Noah M. Galton - State Bar No. 24078531

100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 - Fax
Email: ngalton@jw.com

ATTORNEYS FOR JEROME SOLOMON
AND MINDY GOLDBERG

2