# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-15-00474-CV
---

Erma J. Matthews, Appellant

v.

Jerome Solomon c/o Epoch Films, Inc.; Mindy Goldberg, and others, Appellees

---
**FROM THE DISTRICT COURT OF BASTROP COUNTY, 423RD JUDICIAL DISTRICT
NO. 423-3470, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

Erma J. Matthews appeals a take-nothing final summary judgment on claims she had asserted against appellees for alleged incursions upon her family's property. The gist of Matthews's complaints on appeal is that the district court reversibly erred in failing to grant her a no-answer default judgment during a roughly six-month period between what she contends was appellees' answer date and when appellees finally filed their answer.[1] We will affirm the judgment.

In her lawsuit, Matthews attempted to obtain recovery from persons involved in filming a television commercial at Meyer's Elgin Smokehouse in May 2014. During filming, she alleged, the film crew trespassed upon and obtained benefit from using property her family owns

---

[1] Matthews has attempted to represent herself throughout these proceedings. Although we have endeavored to address her arguments as best we can understand them, we must ultimately apply the same substantive and procedural standards to her as we do with litigants represented by counsel, lest we afford her an unfair advantage merely because she is pro se. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

nearby. Matthews filed her suit on November 6, 2014, and Solomon, whom she purported to sue as the registered agent of "Epoch Films, Inc.," received process by certified mail on November 25, 2014. Although appellees disputed that Solomon had been properly served or that Matthews had even sued any proper defendant, they eventually filed an answer on June 2, 2015, "[i]n order to cease the correspondence from Plaintiff."[2] Appellees then filed a "traditional" motion for summary judgment, which the district court granted, rendering final judgment that Matthews take nothing on her claims. This appeal followed.

Matthews's appellate complaints are all premised on asserted error by the district court in failing to grant her a no-answer default judgment once appellees failed to answer by 10 a.m. on Monday, December 22, 2014 (the answer date if one assumes the November 25 transmission of process to Solomon had been effective service).[3] We review a complaint regarding the denial of a motion for default judgment[4] under an abuse-of-discretion standard.[5] We find no abuse of discretion here for at least two reasons.[6]

---

[2] Appellees denied that any entity named Epoch Films, Inc., currently existed, that Solomon had been involved with any such entity "for several years," or that Goldberg had been "anywhere near" the filming.

[3] *See* Tex. R. Civ. P. 99(b).

[4] "[A]ppellate courts have considered the denial of a default judgment when . . . the denial is challenged in an appeal from a final judgment or order." *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citations omitted).

[5] *Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Aguilar*, 154 S.W.3d at 833).

[6] We need not address all grounds appellees present for affirming the judgment. *See* Tex. R. App. P. 47.1.

First, while Matthews insists that she made "repeated requests" for a default judgment in the interim between the asserted December 22 answer date and when appellees finally answered the following June, the record does not bear out this assertion factually. Matthews points to a January 20, 2015 "Motion and Notice of Hearing," but it contains no request for a hearing to obtain a default judgment, whether by name or in substance. Moreover, after Matthews's motion prompted the district court to set a status conference, Matthews requested that the status hearing "be ruled unnecessary," and it ultimately never went forward. Consequently, even if Matthews's January 20 motion (or any subsequent correspondence) could be construed as seeking a default judgment, she ultimately waived any error in failing to obtain a hearing on the motion.[7]

Second, and more critically, the answer appellees filed on June 2 rendered moot any complaint by Matthews with the district court's purported inaction. "Once an answer is on file, even if it is filed after the due date, the district court may not render a no-answer default judgment."[8] Consequently, the filing of an answer renders moot any complaints regarding the trial court's failure to rule on a motion for default judgment.[9] Nor, similarly, did the district court abuse its discretion

---

[7] *See Conely v. Texas Bd. of Criminal Justice*, No. 03-08-00293-CV, 2010 Tex. App. LEXIS 3011, at \*5–6 (Tex. App.—Austin Apr. 22, 2010, no pet.) (mem. op.) (rejecting contention that trial court improperly waited until after answer before ruling on default motion, given that "there [was] nothing in the clerk's record to indicate that [plaintiff] requested that the motion be set for a hearing").

[8] *Id.* at \*5 (citing *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex. App.—San Antonio 1987, no writ)); *see Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) ("A default judgment may not be rendered after the defendant has filed an answer.") (citing Tex. R. Civ. P. 239; *Kinnard v. Herlock*, 20 Tex. 48 (1857); *Santex*, 737 S.W.2d 55).

[9] *See Davis*, 433 S.W.3d at 108–09 (defendant's answer rendered moot plaintiff's "timing complaint" regarding "trial court's delay in ruling until after [defendant] filed an answer") (citing,

3

in proceeding to rule on appellees' summary-judgment motion after they filed (as Matthews sees it) an untimely answer. "Although there is a 'deadline' for filing an answer, which is, technically, the Monday next after twenty days after the date of service . . . an answer may also be filed at any time before default,"[10] and a defendant may file a traditional motion for summary judgment "at any time."[11]

We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed:   March 2, 2017

---

inter alia, *Conely*, 2010 Tex. App. LEXIS 3011, at *5–6) ("[E]ven when a district court refuses to rule on a motion for default judgment, once an answer has been filed, any complaints regarding the district court's prior failure to act are rendered moot.") (citing *Palacios v. Rayburn*, 516 S.W.2d 292, 294 (Tex. Civ. App.—Houston [1st Dist.] 1974, no writ)).

[10] *In re S.K.A.*, 236 S.W.3d 875, 896 (Tex. App.—Texarkana 2007), *pet. denied*, 260 S.W.3d 463 (Tex. 2008) (per curiam) (citing Tex. R. Civ. P. 99(b); Tex. R. Civ. P. 239; *City of Jefferson v. Jones*, 12 S.W. 749 (Tex. 1889)).

[11] *See Weaver v. Bell*, No. 03-04-00169-CV, 2005 Tex. App. LEXIS 4461, at *22 (Tex. App.—Austin June 10, 2005, no pet.) (mem. op.) ("A traditional motion for summary judgment may be filed at any time, without the need to allow adequate time for discovery.") (citing Tex. R. Civ. P. 166a(b)).