Opinion filed July 25, 2019



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00196-CV

_____

## CHARLES RAY GIBSON JR., Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 25,981**

### M E M O R A N D U M   O P I N I O N

Charles Ray Gibson Jr. appeals the trial court's dismissal of his lawsuit against the Texas Department of Criminal Justice (TDCJ). Appearing pro se and *in forma pauperis*, Appellant contends that the trial court erred when it considered the arguments raised by an amicus curiae filing from the Office of the Attorney General (OAG), failed to enter a default judgment against TDCJ, and denied Appellant's request for leave to amend his petition. We affirm.

*Background Facts*

Appellant is an inmate housed in TDCJ. He filed a civil suit against TDCJ for an alleged fraudulent concealment relating to a release date that purportedly occurred at some point over fifteen years ago. In summary, Appellant's claim concerns convictions and the resulting incarceration for them that occurred in the 1990s. He contends that in 2016, TDCJ made a representation in a "commitment inquiry" that it provided to him that he should have been released at some point in the 1990s when in fact he was not released from TDCJ custody at the time. Appellant contends that TDCJ fraudulently concealed from him that he should have been released at some point in the 1990s for some of his earlier convictions. Appellant sought damages of $750,000 as a result of this alleged fraudulent concealment.

TDCJ did not file an answer to Appellant's petition. However, the OAG filed a document entitled "Suggestion of Amicus Curiae" alleging that Appellant did not effectively serve TDCJ with process and that Appellant failed to comply with the procedural prerequisites under Chapter 14 of the Texas Civil Practice and Remedies Code. The OAG also suggested that Appellant's claim was frivolous because his chance for success was slight and that TDCJ enjoyed sovereign immunity for Appellant's Section 1983 claim. *See* 42 U.S.C.A. § 1983. Appellant filed an answer to the OAG's amicus filing wherein he disputed the OAG's claims. After considering Appellant's petition and the OAG's amicus curiae filing, the trial court dismissed Appellant's petition with prejudice on June 20, 2017.

*Analysis*

In his first issue, Appellant contends that the trial court erred when it considered the arguments raised by the OAG in an amicus filing. Appellant asserts that the OAG should not have been permitted to identify itself as an amicus curiae because it had an interest in the proceeding because it would be the state agency that

2

would represent TDCJ in the action.  Appellant also argues that the trial court should not have considered the issues of service and sovereign immunity because those issues were not raised by either party, but by an improper amicus party.  We disagree.

An amicus curiae, or "friend of the court," is defined as "[a] person who is not a party to a lawsuit but who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter." *In re A.J.L.*, 108 S.W.3d 414, 420 n.1 (Tex. App.—Fort Worth 2003, pet. denied); *see Kelley v. Scott*, No. 14-01-00696-CV, 2003 WL 21229275, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2003, no pet.) (mem. op.).  An amicus curiae is limited to making suggestions to the court, not posing new questions.  *Edgewood Indep. Sch. Dist. v. Kirby*, 804 S.W.2d 491, 503 n.6 (Tex. 1991) (Doggett, J., concurring).  Courts may consider suggestions from an amicus curiae about questions apparent from the record in the case, but courts can only take actions that it could have taken in the absence of these suggestions.  *Kelley*, 2003 WL 21229275, at *1.

The Fourteenth Court of Appeals considered a similar contention in *Kelley* concerning the ability of the OAG to serve as an amicus curiae on behalf of prison officials.  *Id.*  The court of appeals determined that it was proper for the trial court to consider the OAG's amicus filing because Chapter 14 permits the trial court to dismiss an inmate suit before service of process.  *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2017).  The Amarillo Court of Appeals reached a similar determination in *Johnson v. Conner*, No. 07-11-00055-CV, 2011 WL 3587425, at *2 (Tex. App.—Amarillo Aug. 16, 2011, no pet.) (mem. op.).

For the reasons listed in *Kelley* and *Johnson*, we agree that the trial court may consider an amicus filing by the OAG on behalf of TDCJ.  In this case, the OAG's amicus filing made suggestions pertaining to dismissal to the trial court based upon matters apparent from the record in the case.  *See Kelley*, 2003 WL 21229275, at *1.

Accordingly, the trial court did not err in considering the OAG's amicus filing. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court erred when it failed to enter a default judgment against TDCJ because TDCJ failed to file an answer. The denial of a motion for default judgment is reviewable in an appeal from a final judgment or order. *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We review the denial of a request for default judgment for an abuse of discretion. *Id.*

A default judgment may be granted pursuant to Texas Rule of Civil Procedure 239 which provides as follows:

> Upon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the return of service shall have been on file with the clerk for the length of time required by Rule 107.

TEX. R. CIV. P. 239. Similarly, Texas Rule of Civil Procedure 124 provides in relevant part: "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules." TEX. R. CIV. P. 124.

In a case involving TDCJ, the method of service of process is governed by Section 492.010(d) of the Texas Government Code. The statute provides that the executive director of TDCJ is the only person authorized to receive service of process on behalf of TDCJ. TEX. GOV'T CODE ANN. § 492.010(d)(West 2012); *Hamilton v. Pechacek*, No. 02-12-00383-CV, 2014 WL 1096018, at *2 (Tex. App.—Fort Worth Mar. 20, 2014, no pet.) (mem. op.); *McBride v. Mail Sys. Coordinator's Panel*, No. 13-05-560-CV, 2008 WL 2151523, at *3 (Tex. App.—Corpus Christi May 22, 2008, pet. denied) (mem.op.).

4

Appellant served the Secretary of State and the TDCJ General Counsel's Office but not the executive director of TDCJ. Because Appellant did not serve the executive director, the only person authorized to receive service of process on behalf of TDCJ, a default judgment could not be taken against TDCJ. *See* TEX. R. CIV. P. 124 (stating that judgment cannot be rendered against any defendant unless he was served). Therefore, the trial court did not err when it did not enter a default judgment against TDCJ. We overrule Appellant's second issue.

In his third issue, Appellant contends that the trial court erred when it denied Appellant's request for leave to amend his petition. Appellant argues that a trial court should not dismiss an action without giving him at least one chance to amend. We disagree because the trial court did not possess plenary jurisdiction to grant Appellant's request at the time that he filed it.

As previously noted, the trial court entered the order dismissing Appellant's suit on June 20, 2017. A trial court retains plenary jurisdiction over a case for a minimum of thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d); *see In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014). Any action taken after a trial court loses plenary jurisdiction would be a nullity. *See Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex. 1983).

On July 19, 2017, Appellant filed a notice of appeal and a motion to reinstate. Appellant's motion to reinstate had the effect of extending the trial court's plenary jurisdiction. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (Any timely motion that seeks a substantive change in the judgment is operative to extend the trial court's plenary power.); *see* TEX. R. CIV. P. 329b(g). However, on July 20, 2017, the trial court denied Appellant's motion to reinstate. Thus, while Appellant's motion to reinstate had the effect of extending the trial court's plenary power, it was only extended until thirty days after the motion to reinstate was overruled. TEX. R. CIV. P. 329b(e), (g). Thus, the trial court's plenary

jurisdiction expired on August 19, 2017. Accordingly, the trial court did not have plenary jurisdiction to grant Appellant's Motion to Amend Petition that he filed on August 29, 2017. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


July 25, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.